# APPELLANTS EMPLOYEE PLAINTIFFS' APPENDIX IN SUPPORT OF ITS OPENING BRIEF

## Volume VIII (A-3876 through A-4799)

State of Connecticut Judicial Branch
# Superior Court Case Look-up

Superior Court Case Look-up
Civil/Family
Housing
Small Claims
-
Attorney/Firm Juris Number Look-up
-
Case Look-up
By Party Name
By Docket Number
By Attorney/Firm Juris Number
By Property Address
-
Short Calendar Look-up
By Court Location
By Attorney/Firm Juris Number
Motion to Seal or Close
Calendar Notices
-
Court Events Look-up
By Date
By Docket Number
By Attorney/Firm Juris Number
-
Legal Notices
-
Pending Foreclosure Sales
-
Understanding
Display of Case Information
-
Contact Us

Comments

**FST-CV19-6046057-S** **ARTHURS, LEE Et Al v. AIG FINANCIAL PRODUCTS CORP.**

**Prefix:** X08 **Case Type:** C90 **File Date:** 12/19/2019 **Return Date:** 12/31/2019

Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help

To receive an email when there is activity on this case, click here.

**Information Updated as of:** 03/08/2023

**Case Information**

**Case Type:** C90 - Contracts - All other
**Court Location:** STAMFORD JD
**List Type:** COURT (CT)
**Trial List Claim:** 08/20/2021
**Last Action Date:** 12/14/2022 (The "last action date" is the date the information was entered in the system)

**Disposition Information**

**Disposition Date:**
**Disposition:**
**Judge or Magistrate:**

**Party & Appearance Information**

| Party | No Fee Party | Category |
|---|---|---|
| **P-01 LEE ARTHURS** | | Plaintiff |
| **Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019<br>147 NORTH BROAD STREET<br>MILFORD, CT 06460 | | |
| **Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | | |
| **P-02 DAVID ACKERT** | | Plaintiff |
| **Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019<br>147 NORTH BROAD STREET<br>MILFORD, CT 06460 | | |
| **Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | | |
| **P-03 MITCHELL BELL** | | Plaintiff |
| **Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019<br>147 NORTH BROAD STREET<br>MILFORD, CT 06460 | | |
| **Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | | |
| **P-04 ERIK BENGTSON** | | Plaintiff |
| **Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019<br>147 NORTH BROAD STREET<br>MILFORD, CT 06460 | | |
| **Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | | |
| **P-05 PAUL BRADSHAW** | | Plaintiff |
| **Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019<br>147 NORTH BROAD STREET<br>MILFORD, CT 06460 | | |
| **Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021<br>KOBRE & KIM LLP<br>800 THIRD AVENUE<br>NEW YORK, NY 10022 | | |
| **P-06 THOMAS BUTTKE** | | Plaintiff |
| **Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019<br>147 NORTH BROAD STREET | | |

MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-07 JOHN CAPPETTA** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-08 DAVID CHANG** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-09 ROBERT CHANG** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-10 JASON DESANTIS** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-11 RICHARD FABBRO** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-12 KENNETH FARRAR** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-13 JONATHAN FRAADE** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-14 CARL GIESLER JR** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-15 JAMES HAAS** Plaintiff

**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-16 CHARLES HSIEH** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-17 THOMAS KALB** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-18 THOMAS KUSHNER** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-19 ROBERT LEARY** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-20 JONATHAN LIEBERGALL** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-21 NATHANIEL LITWAK** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-22 BRENDAN LYNCH** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-23 ALFRED MEDIOLI** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-24 MATTHEW MIHALY** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NY 10022

**P-25 EUGENE PARK** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-26 JOANN PALAZZO** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-27 ANDREW PARTNER** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-28 CARL PETERSON** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-29 STEVEN PIKE** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-30 THOMAS PLAGEMANN** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-31 ROBERT POWELL** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-32 DANIEL RAAB** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-33 ANN REED** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-34 DMITRY SATANOVSKY** Plaintiff

**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-35 PAUL SCHREINER** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-36 MARY HEATHER SINGER** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-37 KEITH STEIN** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-38 FRANK STROHM** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-39 TIMOTHY SULLIVAN JR** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-40 CHRIS TOFT** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-41 JOE TOM** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-42 RYAN VETTER** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-43 STEVEN WAGAR** Plaintiff
**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460
**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NY 10022

**P-44 THOMAS WARD** Plaintiff

**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460

**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-45 MARTIN WAYNE** Plaintiff

**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460

**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**P-46 JAMES WOLF** Plaintiff

**Attorney:** HURWITZ SAGARIN SLOSSBERG & KNUFF LLC (026616) File Date: 12/19/2019
147 NORTH BROAD STREET
MILFORD, CT 06460

**Attorney:** PHV PERLSTEIN STEVEN W 12/16/20 (441855) File Date: 01/19/2021
KOBRE & KIM LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**D-01 AIG FINANCIAL PRODUCTS CORP.** Defendant

**Attorney:** WIGGIN & DANA LLP (067700) File Date: 01/03/2020
PO BOX 1832
NEW HAVEN, CT 06508

**Attorney:** PHV GLEESON JOHN 3/28/22 (443414) File Date: 03/29/2022
DEBEVOISE & PLIMPTON LLP
919 THIRD AVENUE
NEW YORK, NY 10022

**Attorney:** PHV SALTZMAN ZACHARY 3/29/22 (443419) File Date: 04/13/2022
919 THIRD AVENUE
NEW YORK, NY 10022

**Attorney:** PHV BORN NATASCHA 7/12/22 (443730) File Date: 07/13/2022
DEBEVOISE & PLIMPTON LLP
919 THIRD AVENUE
NEW YORK, NY 10022

**Attorney:** PHV HOTELLING DAVID J 8/4/22 (443768) File Date: 08/05/2022
DEBEVOISE & PLIMPTON LLP
66 HUDSON BLVD
NEW YORK, NY 10001

**Attorney:** PHV O'CONNOR MAEVE 4/20/22 (443471) File Date: 09/19/2022
DEBEVOISE & PLIMPTON LLP
800 THIRD AVENUE
NEW YORK, NY 10022

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an e in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.
- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*
- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*
- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*
- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

**Motions / Pleadings / Documents / Case Status**

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 12/19/2019 | P | **SUMMONS** | |
| | 12/19/2019 | P | **COMPLAINT** | |
| | 12/19/2019 | P | **ADDITIONAL PARTIES PAGE** | |
| | 01/03/2020 | D | **APPEARANCE**<br>Appearance | |
| | 01/19/2021 | | **APPEARANCE** | |
| | 01/19/2021 | | **APPEARANCE** | |
| | 01/20/2021 | | **APPEARANCE** | |
| | 03/29/2022 | | **APPEARANCE** | |
| | 04/13/2022 | | **APPEARANCE** | |
| | 07/13/2022 | | **APPEARANCE** | |
| | 08/05/2022 | | **APPEARANCE** | |
| | 08/09/2022 | | **APPEARANCE** | |
| | 09/19/2022 | | **APPEARANCE** | |
| 100.30 | 12/19/2019 | P | **RETURN OF SERVICE** | No |
| 101.00 | 12/19/2019 | P | **EXHIBITS**<br>to Complaint | No |
| 102.00 | 12/20/2019 | P | **RETURN OF SERVICE**<br>Corrected | No |
| 103.00 | 01/14/2020 | P | **SUPPLEMENTAL RETURN** | No |
| 104.00 | 01/16/2020 | D | **MOTION FOR EXTENSION OF TIME TO PLEAD**<br>Consent Motion for Extension of Time to Plead<br>*RESULT:* Granted 2/3/2020 HON DALE RADCLIFFE | No |
| 104.10 | 02/03/2020 | C | **ORDER**<br>*RESULT:* Granted 2/3/2020 HON DALE RADCLIFFE | No |
| 105.00 | 03/04/2020 | P | **COMPLEX LITIGATION APPLICATION (JD-CV-39)**<br>*RESULT:* Order 3/5/2020 HON JAMES ABRAMS | No |
| 105.10 | 03/05/2020 | C | **ORDER**<br>*RESULT:* Order 3/5/2020 HON JAMES ABRAMS | No |
| 106.33 | 03/05/2020 | C | **TRANSFERRED FROM SUPERIOR COURT JUDICIAL DISTRICT OF FAIRFIELD** | No |
| 107.33 | 03/05/2020 | C | **TRANSFERRED TO SUPERIOR COURT JUDICIAL DISTRICT OF STAMFORD-NORWALK** | No |
| 108.00 | 03/12/2020 | D | **MOTION FOR EXTENSION OF TIME TO PLEAD**<br>Consent Motion for Extension of Time to Plead Until April 16, 2020<br>*RESULT:* Granted 3/12/2020 HON CHARLES LEE | No |
| 108.01 | 03/12/2020 | C | **ORDER**<br>108.00 MOTION FOR EXTENSION OF TIME TO PLEAD<br>*RESULT:* Granted 3/12/2020 HON CHARLES LEE | No |
| 109.00 | 03/12/2020 | D | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>regarding Consent Motion for Extension of Time to Plead (108.00) | Yes |
| 110.00 | 04/16/2020 | D | **MOTION FOR EXTENSION OF TIME TO PLEAD**<br>Consent Motion for Extension of Time to Plead Until June 15, 2020 | No |
| 111.00 | 09/18/2020 | D | **MOTION FOR EXTENSION OF TIME TO PLEAD**<br>Consent Motion for Extension of Time to Plead until October 5, 2020<br>*RESULT:* Granted 9/21/2020 HON SHEILA OZALIS | No |
| 111.01 | 09/21/2020 | C | **ORDER**<br>MOTION FOR EXTENSION OF TIME TO PLEAD<br>*RESULT:* Granted 9/21/2020 HON SHEILA OZALIS | No |
| 112.00 | 09/18/2020 | D | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>regarding Consent Motion for Extension of Time to Plead | Yes |
| 113.00 | 09/21/2020 | D | **MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16**<br>of John S. Kiernan and Supporting Affidavit<br>*RESULT:* Order 9/24/2020 HON SHEILA OZALIS | No |

| | | | | |
|---|---|---|---|---|
| 113.01 | 09/24/2020 | C | **ORDER**<br>Motion to Admit PHV of John S. Kiernan<br>*RESULT:* Order 9/24/2020 HON SHEILA OZALIS | No |
| 114.00 | 09/23/2020 | D | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>regarding Motion for Pro Hac Admission | Yes |
| 115.00 | 09/24/2020 | D | **MOTION TO STRIKE**<br>Motion to Strike the Complaint and Memorandum in Support<br>*RESULT:* Denied 5/24/2021 HON SHEILA OZALIS | Yes |
| 115.01 | 05/24/2021 | C | **MEMORANDUM OF DECISION ON MOTION**<br>Motion to Strike | No |
| 116.00 | 10/21/2020 | P | **MOTION FOR EXTENSION OF TIME**<br>On Consent to File Opposition to Defendant's Motion to Strike (115.00)<br>*RESULT:* Granted 10/26/2020 HON SHEILA OZALIS | No |
| 116.01 | 10/26/2020 | C | **ORDER**<br>MOTION FOR EXTENSION OF TIME<br>*RESULT:* Granted 10/26/2020 HON SHEILA OZALIS | No |
| 117.00 | 10/23/2020 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)** | Yes |
| 118.00 | 12/11/2020 | P | **MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16**<br>of Steven W. Perlstein with Supporting Affidavit<br>*RESULT:* Order 12/14/2020 HON SHEILA OZALIS | No |
| 118.01 | 12/14/2020 | C | **ORDER**<br>Motion to Admit PHV<br>*RESULT:* Order 12/14/2020 HON SHEILA OZALIS | No |
| 119.00 | 12/11/2020 | P | **MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16**<br>of Giorgos Stamatopoulos with Supporting Affidavit<br>*RESULT:* Order 12/14/2020 HON SHEILA OZALIS | No |
| 119.01 | 12/14/2020 | C | **ORDER**<br>*RESULT:* Order 12/14/2020 HON SHEILA OZALIS | No |
| 120.00 | 12/11/2020 | P | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE PB 10-40** | No |
| 121.00 | 12/11/2020 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>Motion for Permission for Attorney to Appear Pro Hac Vice [Doc # 118] | Yes |
| 122.00 | 12/11/2020 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>Motion for Permission for Attorney to Appear Pro Hac Vice [Doc # 119] | Yes |
| 123.00 | 01/15/2021 | D | **REPLY MEMORANDUM**<br>Reply Memorandum in Further Support of Defendant's Motion to Strike the Complaint (114.00) | No |
| 124.00 | 01/15/2021 | D | **CERTIFICATION OF SERVICE**<br>regarding Reply Memorandum in Further Support of Motion to Strike Complaint (123.00) | No |
| 125.00 | 02/18/2021 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>Oral Argument of Defendant's Motion to Strike Complaint [Doc. 115.00] | Yes |
| 126.00 | 06/22/2021 | D | **MOTION FOR EXTENSION OF TIME**<br>to Answer Plaintiff's Complaint Until July 23, 2021 | No |
| 127.00 | 07/23/2021 | D | **ANSWER AND SPECIAL DEFENSE**<br>Defendant's Answer and Special Defenses | No |
| 128.00 | 08/03/2021 | P | **MOTION FOR ORDER**<br>approving Case Management Schedule<br>*RESULT:* Order 8/4/2021 HON SHEILA OZALIS | No |
| 128.01 | 08/04/2021 | C | **ORDER**<br>*RESULT:* Order 8/4/2021 HON SHEILA OZALIS | No |
| 128.02 | 08/04/2021 | C | **SCHEDULING ORDER**<br>CASE MANAGEMENT ORDER #1 | No |
| 129.00 | 08/03/2021 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>re Joint Motion to Approve Case Managment Schedule | Yes |
| 130.00 | 08/20/2021 | P | **REPLY TO SPECIAL DEFENSE**<br>and Answer | No |
| 131.00 | 08/20/2021 | P | **CERTIFICATE OF CLOSED PLEADINGS AND CLAIM FOR TRIAL LIST** | No |
| 132.00 | 09/07/2021 | P | **OBJECTION TO INTERROGATORIES/PRODUCTION PB 13-8 and 13-10** | No |
| 133.00 | 09/07/2021 | D | **OBJECTION TO INTERROGATORIES/PRODUCTION PB 13-8 and 13-10**<br>Defendant's Objections and Responses to Plaintiff's First Set of Document Requests | No |

| | | | | |
|---|---|---|---|---|
| 134.00 | 09/10/2021 | D | MOTION FOR PROTECTIVE ORDER<br>Joint Motion for Entry of Protective Order with Exhibits A-B<br>*RESULT:* Granted 9/13/2021 HON SHEILA OZALIS | No |
| 134.01 | 09/13/2021 | C | ORDER<br>*RESULT:* Granted 9/13/2021 HON SHEILA OZALIS | No |
| 134.02 | 09/13/2021 | C | ORDER<br>Stipulated Protective Order | No |
| 135.00 | 09/10/2021 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Regarding Joint Motion for Entry of Protective Order [#134.00] | Yes |
| 136.00 | 09/24/2021 | P | OBJECTION TO INTERROGATORIES/PRODUCTION PB 13-8 and 13-10 | No |
| 137.00 | 09/24/2021 | D | OBJECTION TO INTERROGATORIES/PRODUCTION PB 13-8 and 13-10 | No |
| 138.00 | 01/03/2022 | D | APPLICATION TO WITHDRAW APPEARANCE PURSUANT TO P.B. SEC. 3-9 (b)<br>*RESULT:* Granted 1/4/2022 HON SHEILA OZALIS | No |
| 138.01 | 01/04/2022 | C | ORDER<br>*RESULT:* Granted 1/4/2022 HON SHEILA OZALIS | No |
| 139.00 | 01/04/2022 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77) | Yes |
| 140.00 | 01/14/2022 | P | MOTION TO MODIFY SCHEDULING ORDER<br>*RESULT:* Order 1/25/2022 HON SHEILA OZALIS | No |
| 140.01 | 01/19/2022 | C | ORDER<br>*RESULT:* Granted 1/19/2022 HON SHEILA OZALIS | No |
| 140.02 | 01/25/2022 | C | ORDER<br>*RESULT:* Order 1/25/2022 HON SHEILA OZALIS | No |
| 141.00 | 01/14/2022 | P | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77) | Yes |
| 142.00 | 01/24/2022 | P | CASEFLOW REQUEST (JD-CV-116)<br>*RESULT:* Order 1/25/2022 HON SHEILA OZALIS | No |
| 142.01 | 01/25/2022 | C | ORDER<br>*RESULT:* Order 1/25/2022 HON SHEILA OZALIS | No |
| 143.00 | 01/26/2022 | P | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>re Tuminelli<br>*RESULT:* Order 2/10/2022 HON SHEILA OZALIS | No |
| 143.01 | 02/10/2022 | C | ORDER<br>*RESULT:* Order 2/10/2022 HON SHEILA OZALIS | No |
| 144.00 | 02/09/2022 | P | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77) | Yes |
| 145.00 | 03/03/2022 | P | MOTION FOR COMMISSION FOR DEPOSITION<br>BlackRock, Inc.<br>*RESULT:* Order 3/21/2022 HON SHEILA OZALIS | No |
| 145.01 | 03/21/2022 | C | ORDER<br>*RESULT:* Order 3/21/2022 HON SHEILA OZALIS | No |
| 145.02 | 03/21/2022 | C | ORDER<br>**Last Updated:** Legend Code - 03/28/2022 | No |
| 146.00 | 03/03/2022 | P | MOTION FOR COMMISSION FOR DEPOSITION<br>Blackstone, Inc.<br>*RESULT:* Order 3/21/2022 HON SHEILA OZALIS | No |
| 146.01 | 03/21/2022 | C | ORDER<br>*RESULT:* Order 3/21/2022 HON SHEILA OZALIS | No |
| 146.02 | 03/21/2022 | C | ORDER | No |
| 147.00 | 03/09/2022 | D | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>Re: John Gleeson<br>*RESULT:* Order 3/21/2022 HON SHEILA OZALIS | No |
| 147.01 | 03/21/2022 | C | ORDER<br>147.00 MOTION FOR PERMISSION TO APPEAR<br>*RESULT:* Order 3/21/2022 HON SHEILA OZALIS | No |
| 148.00 | 03/11/2022 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Motion for Permission to Appear PHV | Yes |
| 149.00 | 03/17/2022 | P | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Motion for Commission - BlackRock | Yes |
| 150.00 | 03/17/2022 | P | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Motion for Commission - Blacksone | Yes |

| | | | | |
|---|---|---|---|---|
| 151.00 | 03/25/2022 | D | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>Re: Zachary Saltzman<br>*RESULT:* Order 3/29/2022 HON SHEILA OZALIS | No |
| 151.01 | 03/29/2022 | C | ORDER<br>*RESULT:* Order 3/29/2022 HON SHEILA OZALIS | No |
| 152.00 | 03/25/2022 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Motion for Permission to Appear PHV PB 2-16 | Yes |
| 153.00 | 04/05/2022 | P | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>Martine B. Forneret, Esq.<br>*RESULT:* Order 4/20/2022 HON SHEILA OZALIS | No |
| 153.01 | 04/20/2022 | C | ORDER<br>*RESULT:* Order 4/20/2022 HON SHEILA OZALIS | No |
| 154.00 | 04/13/2022 | D | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>Re: Maeve O'Connor<br>*RESULT:* Order 4/20/2022 HON SHEILA OZALIS | No |
| 154.01 | 04/20/2022 | C | ORDER<br>*RESULT:* Order 4/20/2022 HON SHEILA OZALIS | No |
| 155.00 | 04/18/2022 | P | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77) | Yes |
| 156.00 | 04/19/2022 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Re: Motion for Permission to Appear PHV- Maeve O'Connor | Yes |
| 157.00 | 06/30/2022 | P | MOTION TO MODIFY SCHEDULING ORDER<br>- Joint<br>*RESULT:* Order 6/30/2022 HON SHEILA OZALIS | No |
| 157.01 | 06/30/2022 | C | ORDER<br>*RESULT:* Order 6/30/2022 HON SHEILA OZALIS | No |
| 158.00 | 06/30/2022 | P | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77) | Yes |
| 159.00 | 07/08/2022 | D | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>(Natascha Born)<br>*RESULT:* Order 7/12/2022 HON SHEILA OZALIS | No |
| 159.01 | 07/12/2022 | C | ORDER<br>*RESULT:* Order 7/12/2022 HON SHEILA OZALIS | No |
| 160.00 | 07/08/2022 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Docket Entry 159 Motion to Appear PHV (Born) | Yes |
| 161.00 | 08/02/2022 | D | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>Re: David J. Hotelling<br>*RESULT:* Order 8/2/2022 HON SHEILA OZALIS | No |
| 161.01 | 08/02/2022 | C | ORDER<br>*RESULT:* Order 8/2/2022 HON SHEILA OZALIS | No |
| 162.00 | 08/02/2022 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Re: Motion for Permission to Appear PHV- David J. Hotelling | Yes |
| 163.00 | 08/03/2022 | D | MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16<br>Re: Matthew D. Forbes<br>*RESULT:* Order 8/4/2022 HON SHEILA OZALIS | No |
| 163.01 | 08/04/2022 | C | ORDER<br>*RESULT:* Order 8/4/2022 HON SHEILA OZALIS | No |
| 164.00 | 08/03/2022 | D | REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)<br>Re: Motion for Permission to Appear PHV- Matthew D. Forbes | Yes |
| 165.00 | 08/16/2022 | P | MOTION FOR ORDER OF COMPLIANCE – PB SEC 13-14 (INTERR/PROD – 13-6/13-9)<br>*RESULT:* Order 11/29/2022 HON SHEILA OZALIS | No |
| 165.01 | 11/02/2022 | C | ORDER<br>*RESULT:* Order 11/2/2022 HON SHEILA OZALIS | No |
| 165.02 | 11/29/2022 | C | ORDER<br>*RESULT:* Order 11/29/2022 HON SHEILA OZALIS | No |
| 166.00 | 08/16/2022 | P | MEMORANDUM IN SUPPORT OF MOTION | No |
| 166.10 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.00 | 08/16/2022 | P | AFFIDAVIT OF ATTEMPT TO RESOLVE DISCOVERY OBJECTION | No |
| 167.10 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.11 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.12 | 08/16/2022 | P | **DOCUMENT SEALED** | No |

| | | | | |
|---|---|---|---|---|
| 167.13 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.14 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.15 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.16 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.17 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.18 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.19 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.20 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.21 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.22 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.23 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.24 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 167.25 | 08/16/2022 | P | **DOCUMENT SEALED** | No |
| 168.00 | 08/16/2022 | P | **MOTION TO SEAL DOCUMENT**<br>*RESULT:* Order 9/15/2022 HON SHEILA OZALIS | Yes |
| 168.01 | 09/01/2022 | C | **ORDER**<br>*RESULT:* Order 9/1/2022 HON SHEILA OZALIS | No |
| 168.02 | 09/15/2022 | C | **ORDER**<br>*RESULT:* Order 9/15/2022 HON SHEILA OZALIS | No |
| 168.03 | 09/15/2022 | C | **ORDER SEALING FILE OR DOCUMENT** | Yes |
| 169.00 | 08/16/2022 | P | **MEMORANDUM IN SUPPORT OF MOTION** | No |
| 170.00 | 08/25/2022 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)** | Yes |
| 171.00 | 09/09/2022 | P | **DISCLOSURE OF EXPERT WITNESS**<br>Avery | No |
| 172.00 | 09/09/2022 | P | **DISCLOSURE OF EXPERT WITNESS**<br>Doran | No |
| 173.00 | 09/09/2022 | P | **DISCLOSURE OF EXPERT WITNESS**<br>Johnson | No |
| 174.00 | 09/12/2022 | D | **MEMORANDUM IN SUPPORT OF MOTION**<br>Defendant's Response in Support of Plaintiffs' Motion to File Records Under Seal (#168.00) | No |
| 175.00 | 09/16/2022 | D | **APPLICATION TO WITHDRAW APPEARANCE PURSUANT TO P.B. SEC. 3-9 (b)**<br>Re: Matthew D. Forbes<br>*RESULT:* Granted 10/12/2022 HON SHEILA OZALIS | No |
| 175.01 | 10/12/2022 | C | **ORDER**<br>*RESULT:* Granted 10/12/2022 HON SHEILA OZALIS | No |
| 176.00 | 09/20/2022 | D | **MEMORANDUM IN OPPOSITION TO MOTION**<br>Defendant's Response to Plaintiffs' Motion for Order of Compliance (165.00) | No |
| 177.00 | 09/20/2022 | D | **AFFIDAVIT**<br>Declaration in Support of Response to Plaintiffs' Motion for Order of Compliance and Exs. 1-2 | No |
| 178.00 | 10/07/2022 | D | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>Re: Motion to Withdraw Appearance of Matthew D. Forbes (#175.00) | Yes |
| 179.00 | 10/07/2022 | D | **DISCLOSURE OF EXPERT WITNESS**<br>Alan Levine | No |
| 180.00 | 10/07/2022 | D | **DISCLOSURE OF EXPERT WITNESS**<br>Wayne Guay | No |
| 181.00 | 10/07/2022 | D | **DISCLOSURE OF EXPERT WITNESS**<br>Basil Imburgia | No |
| 182.00 | 10/07/2022 | D | **MOTION FOR PERMISSION TO APPEAR PRO HAC VICE PB 2-16**<br>Re: Laura J. Samuels<br>*RESULT:* Order 10/11/2022 HON SHEILA OZALIS | No |
| 182.01 | 10/11/2022 | C | **ORDER**<br>*RESULT:* Order 10/11/2022 HON SHEILA OZALIS | No |
| 183.00 | 10/11/2022 | D | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)**<br>Re: Motion for Permission to Appear PHV - Laura J. Samuels | Yes |

| | | | | |
|---|---|---|---|---|
| 184.00 | 10/11/2022 | P | **REPLY MEMORANDUM**<br>in Further Support of Plaintiffs' Motion for Order for Compliance | No |
| 184.01 | 10/11/2022 | P | **DOCUMENT SEALED**<br>**Last Updated:** Legend Code - 11/02/2022 | No |
| 185.00 | 10/11/2022 | P | **AFFIDAVIT**<br>of Martine Forneret, Esq in Support of Plts' Reply Memorandum in Further Support of Motion for Order | No |
| 185.01 | 10/11/2022 | P | **DOCUMENT SEALED** | No |
| 185.02 | 10/11/2022 | P | **DOCUMENT SEALED** | No |
| 185.03 | 10/11/2022 | P | **DOCUMENT SEALED** | No |
| 185.04 | 10/11/2022 | P | **DOCUMENT SEALED** | No |
| 185.05 | 10/11/2022 | P | **DOCUMENT SEALED** | No |
| 185.06 | 10/11/2022 | P | **DOCUMENT SEALED** | No |
| 185.07 | 10/11/2022 | P | **DOCUMENT SEALED** | No |
| 186.00 | 10/11/2022 | P | **MOTION TO SEAL FILE PB 11-20A OR 25-59A**<br>Plaintiffs' Motion to File Records Under Seal<br>*RESULT:* Order 11/2/2022 HON SHEILA OZALIS | Yes |
| 186.01 | 10/28/2022 | C | **ORDER**<br>*RESULT:* Order 10/28/2022 HON SHEILA OZALIS | No |
| 186.02 | 11/02/2022 | C | **ORDER**<br>*RESULT:* Order 11/2/2022 HON SHEILA OZALIS | No |
| 186.03 | 11/02/2022 | C | **ORDER SEALING FILE OR DOCUMENT** | Yes |
| 187.00 | 10/11/2022 | P | **MEMORANDUM**<br>of Law in Support of Plaintiffs' Motion to File Records Under Seal | No |
| 188.00 | 10/12/2022 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)** | Yes |
| 189.01 | 10/12/2022 | C | **ORDER**<br>*RESULT:* Order 10/12/2022 HON SHEILA OZALIS | No |
| 190.00 | 10/27/2022 | D | **MEMORANDUM IN SUPPORT OF MOTION**<br>Defendant's Response in Support of Plaintiffs' Motion to File Records Under Seal (#186.00) | No |
| 191.00 | 10/27/2022 | D | **REQUEST TO AMEND AND AMENDMENT**<br>Defendant's Request to Amend Answer and Special Defenses, with Amended Answer and Special Defenses | No |
| 192.00 | 10/27/2022 | P | **REQUEST FOR ADJUDICATION COMPLEX LITIGATION (JD-CL-77)** | Yes |
| 193.00 | 11/04/2022 | P | **REPORT**<br>Joint Status Report<br>*RESULT:* Order 11/9/2022 HON SHEILA OZALIS | No |
| 193.01 | 11/09/2022 | C | **ORDER**<br>*RESULT:* Order 11/9/2022 HON SHEILA OZALIS | No |
| 194.00 | 11/04/2022 | P | **CASEFLOW REQUEST (JD-CV-116)**<br>re: Joint Status Report | No |
| 195.00 | 11/18/2022 | D | **NOTICE**<br>Cover letter submitting documents for in camera review per Order #193.01 | No |
| 196.00 | 11/28/2022 | P | **REPLY TO SPECIAL DEFENSE** | No |
| 197.00 | 12/14/2022 | D | **NOTICE OF BANKRUPTCY**<br>Defendant AIGFP's Notice of Bankruptcy and Automatic Stay of Proceedings | No |

**Scheduled Court Dates as of 03/07/2023**

**FST-CV19-6046057-S - ARTHURS, LEE Et Al v. AIG FINANCIAL PRODUCTS CORP.**

| # | Date | Time | Event Description | Status |
|---|---|---|---|---|
| 1 | 05/01/2023 | 10:00AM | Trial Management Conference | Proceeding |
| 2 | 07/24/2023 | 9:30AM | Evidence | Proceeding |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.



Periodic changes to terminology that do not affect the status of the case may be made.



This list does not constitute or replace official notice of scheduled court events.

Copyright © 2023, State of Connecticut Judicial Branch

Page Created on 3/8/2023 at 3:49:14 PM

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

# A-3889 - A-4556

# (FILED UNDER SEAL)



KOBRE & KIM | DISPUTES AND INVESTIGATIONS

# Employee Plaintiffs' Closing Argument on Motion to Dismiss

***In re AIG Financial Products Corp., Case No. 22-11309-MFW***

March 27, 2023

**AMERICAS** | NEW YORK . DELAWARE . MIAMI . SAN FRANCISCO . SÃO PAULO . WASHINGTON DC

**APAC** | HONG KONG . SEOUL . SHANGHAI

**CARIBBEAN** | BVI . CAYMAN ISLANDS

**EMEA** | CYPRUS . DUBAI . LONDON . TEL AVIV

KOBRE & KIM | DISPUTES AND INVESTIGATIONS

# The AIGFP and AIG Inc. Relationship

**AIGFP** **AIG Inc.**

**Shared Services**

- *Including "cash management, derivatives transaction, legal, compliance, administrative, operations, risk management, strategic advisory, investment management, and other related services"*[1]

**Shared Employees**

**Consolidated Financial and Tax Reporting**

- *With parent "loan" removed in consolidation*

**AIGFP cash held in an AIG Inc. "pooled" account**

[1] Ex. 80, *First Day Declaration* [D.I. 2] ¶ 31

© 2023 Kobre & Kim LLP

# The Parent "Loan"

- Terms of the parent revolver have remained the same for last 14 years:
  - no maturity date
  - no interest rate
  - no repayment schedule
- Neither AIGFP nor AIG Inc. has asserted that AIGFP ever defaulted on the "loan."
- No evidence of any pressure to repay the "loan."
- AIGFP has paid no cash interest in over a decade.
- AIGFP says pre-petition activities regarding the "loan" were "*routine corporate governance matters* in complex corporate entities."[1]

[1] Ex. 92, *Debtor's Objection* [D.I. 132] ¶ 100

© 2023 Kobre & Kim LLP

# AIGFP CFO Timothy Allison

**Q: Has FP at any time been unable to pay its debts as those debts came due?**

*A. FP has met its obligations when, you know, it has to pay them.*

*Ex. 5, Allison Dep. Tr. 46:8–11*

**Q: At all times?**

*A. It is my understanding that, at all times, FP has met its financial obligations.*

*Ex. 5, Allison Dep. Tr. 46:12–15*

**Q: Can you think of any way in which the revolver and the outstanding balance on the revolver has ever been an impediment to FP's operations in any way?**

*A. No, I can't. We have been able to enter into transactions, terminate transactions, stuff like that, pay our bills.*

*Ex. 5, Allison Dep. Tr. 200:7–14*

© 2023 Kobre & Kim LLP

# Key Events Leading Up To Chapter 11 Filing

**2022** — **2023**

## AIGFP Chapter 11 Preparations

**Morning of Dec. 6, 2022**
"All hands" meeting with AIGFP, Latham & Watkins, AIG Inc., Weil Gotshal, CRO, and Special Committee

**Dec. 6, 2022**
AIGFP sends approximately $35 million to subsidiary from "pooled" cash account

**Dec. 9, 2022**
Final novation completed by AIGFP

**~ Dec. 12-14, 2022**
AIG Inc. "sweeps" ~$127mm of AIGFP's cash in "pooled" account

**Dec. 14, 2022**
AIGFP files for bankruptcy

## Employee Plaintiff Developments

**Nov. 29, 2022**
CT state court orders production of 14 documents previously withheld for privilege

**Morning of Dec. 5, 2022**
Employee Plaintiffs send FP asset dissipation letter

**Evening of Dec. 5, 2022** Counsel for AIG Inc. sends the Employee Plaintiffs' counsel the Standstill Agreement

**Evening of Dec. 6, 2022**
Parties enter Standstill Agreement

**Dec. 12, 2022**
Standstill Agreement expired

**Dec. 14, 2022**
CT state court deadline to produce the 14 documents

# AIGFP Restructuring Professional Fees

## *CT Litigation Costs*

- AIGFP projects the Connecticut litigation would cost approximately **$12 million** to complete.[1]

## *Chapter 11 Costs*

- Alvarez & Marsal estimated that total Chapter 11 costs would ***exceed $20 million.***[2]
- ***~$17 million already paid*** pre-petition. [3]

Confidential

DRAFT – For Discussion Purposes Only

### Footnote F: Chapter 11 Expenses

**The Chapter 11 expense budget is laid out below (on a monthly accrual basis)**

- For cash flow purposes (last line at bottom), it is assumed (i) all pre-petition amounts fully paid by March 31, and (ii) 2-month payment lag for bankruptcy professionals subject to 20% holdback (which is paid in August)

**Chapter 11 Expenses** *(USD in 000s)*

| Professional | Role | Jan-22 | Feb-22 | Mar-22 | Apr-22 | May-22 | Jun-22 | Jul-22 | Aug-22 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| **Directors & Officers:** | | | | | | | | | | |
| Pamela Corrie | Independent Director | $ 14.2 | $ 40.0 | $ 40.0 | $ 40.0 | $ 40.0 | $ 40.0 | $ 40.0 | $ 40.0 | $ 294.2 |
| John Dubel | Independent Director | 14.2 | 40.0 | 40.0 | 40.0 | 40.0 | 40.0 | 40.0 | 40.0 | 294.2 |
| Bill Kosturos | Chief Restructuring Officer | 41.3 | 160.0 | 160.0 | 160.0 | 160.0 | 160.0 | 160.0 | 160.0 | 1,161.3 |
| D&O Insurance / Tail Policy | | - | - | 5,000.0 | - | - | - | - | - | 5,000.0 |
| **Directors & Officers - Total** | | **$ 69.7** | **$ 240.0** | **$ 5,240.0** | **$ 240.0** | **$ 240.0** | **$ 240.0** | **$ 240.0** | **$ 240.0** | **$ 6,749.7** |
| **Company-Side Advisors:** | | | | | | | | | | |
| **Latham & Watkins** | Debtor Counsel | | | | | | | | | |
| Contingency Issues | | 125.0 | 1,025.0 | 1,150.0 | 700.0 | 700.0 | 875.0 | 850.0 | 850.0 | 6,275.0 |
| Investigation | | 50.0 | 225.0 | 2,000.0 | 500.0 | 150.0 | 150.0 | - | - | 3,075.0 |
| **Latham & Watkins - Total** | | **$ 175.0** | **$ 1,250.0** | **$ 3,150.0** | **$ 1,200.0** | **$ 850.0** | **$ 1,025.0** | **$ 850.0** | **$ 850.0** | **$ 9,350.0** |
| **Alvarez & Marsal** | Financial Advisor | | | | | | | | | |
| Litigation Support | | 2.3 | 17.6 | 238.5 | 192.0 | 23.6 | 23.6 | - | - | 497.6 |
| Business Operations | | 25.6 | 251.5 | 360.0 | 288.0 | 252.0 | 252.0 | 252.0 | 252.0 | 1,933.1 |
| Bankruptcy Prep/Case Mgmt. | | - | - | 293.8 | 185.0 | 168.1 | 168.1 | 191.8 | 248.0 | 1,254.8 |
| Completion Fee | | - | - | - | - | - | - | - | 1,000.0 | 1,000.0 |
| **Alvarez & Marsal - Total** | | **$ 27.9** | **$ 269.1** | **$ 892.3** | **$ 665.0** | **$ 443.8** | **$ 443.8** | **$ 443.8** | **$ 1,500.0** | **$ 4,685.4** |
| TBD | Other Debtor Counsel | - | - | 100.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 350.0 |
| TBD | Claims / Noticing Agent | - | - | 75.0 | 125.0 | 75.0 | 75.0 | 75.0 | 125.0 | 550.0 |
| KLD | e-Discovery Vendor | - | 15.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 30.0 | 195.0 |
| **Company - Side Advisors - Total** | | **$ 202.9** | **$ 1,534.1** | **$ 4,247.3** | **$ 2,070.0** | **$ 1,448.8** | **$ 1,623.8** | **$ 1,448.8** | **$ 2,555.0** | **$15,130.4** |
| **UCC Advisors / Other:** | | | | | | | | | | |
| TBD | UCC Counsel | - | - | - | 250.0 | 350.0 | 350.0 | 350.0 | 350.0 | 1,650.0 |
| TBD | UCC FA | - | - | - | 150.0 | 150.0 | 150.0 | 150.0 | 150.0 | 750.0 |
| TBD | UCC Local Counsel | - | - | - | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 250.0 |
| US Trustee | | - | - | - | - | - | 250.0 | - | 250.0 | 500.0 |
| **UCC Advisors / Other - Total** | | **$ -** | **$ -** | **$ -** | **$ 450.0** | **$ 550.0** | **$ 800.0** | **$ 550.0** | **$ 800.0** | **$ 3,150.0** |
| **Total Fee Estimate - Accrual Basis** | | **$ 272.5** | **$ 1,774.1** | **$ 9,487.3** | **$ 2,760.0** | **$ 2,238.8** | **$ 2,663.8** | **$ 2,238.8** | **$ 3,59[illegible]** | **$25,030.1** |
| **Total Fee Estimate - Cash Basis** | | **$ -** | **$ 1,000.0** | **$11,533.9** | **$ 80.0** | **$ 80.0** | **$ 2,224.0** | **$ 1,807.0** | **$ 8,30[illegible].3** | **$25,030.1** |

13

ALVAREZ & MARSAL

AIGFP_CH11_00005108
AIGFP_CH11_00005095

$25,030.1

$25,030.1

[1] Ex. 92, *Debtor's Objection* [D.I. 132] ¶ 48
[2] Ex. 28, AIGFP_CH11_00005108
[3] Ex. 87, *Statement of Financial Affairs* [D.I. 83] at 72-73, 107-111

© 2023 Kobre & Kim LLP

# AIG Inc.'s Pre-Filing "Sweep" of AIGFP's Cash

**From:** Carbone, Kathleen T <Kathleen.Carbone@aig.com>
**Sent:** Wednesday, December 14, 2022 8:13 AM
**To:** Allison, Timothy William <Timothy.Allison@aig.com>
**Cc:** Saferstein, Jeffrey <Jeffrey.Saferstein@weil.com>; Bentley, Chase <Chase.Bentley@weil.com>; Fail, Garrett <Garrett.Fail@weil.com>; Hirsch, Marilyn V <Marilyn.Hirsch@aig.com>
**Subject:** RE: AIG FP Cash Pool Balances

Tim,

This email will confirm that AIG Inc. has offset the full amount of the intercompany cash pool receivable owed by AIG Inc. to FP against the amount of the intercompany payable owed by FP to AIG Inc. The balance in this account as of Dec 13, 2022 was $126,877,725.25.

Thanks.

This email will confirm that AIG Inc. has offset the full amount of the intercompany cash pool receivable owed by AIG Inc. to FP against the amount of the intercompany payable owed by FP to AIG Inc. The balance in this account as of Dec 13, 2022 was $126,877,725.25.

Kathleen Carbone
AIG Group Controller and Chief Accounting Officer

Tel: +1 212 458 6127 Cell: +1 917 699 5707 Fax: +1 212 458-9600
email: kathleen.carbone@aig.com | www.AIG.com

Ex. 69, AIGFP_CH11_00038445

# Parent AIG Inc.'s Plan Release



**ARTICLE X.**
**RELEASE, DISCHARGE, INJUNCTION AND RELATED PROVISIONS**

**. . . [T]he Debtor . . . will be deemed to have . . . provided a full discharge, waiver and release to each of the Released Parties . . . from any and all Claims, Causes of Action, Litigation Claims . . . arising from or related in any way in whole or in part to any of the Debtor or its Affiliates, including, without limitation . . . the business or contractual arrangements between the Debtor and any Released Parties. . .**

"*Released Party*" means, collectively, the following:

(a) the Debtor;

(b) the Reorganized Debtor;

**(c) the Parent;**

(d) the Distribution Agents;

(e) with respect to each of the foregoing Persons or Entities in clauses (a) through (d), each current and former Affiliate of each such Person or Entity; and

(f) with respect to the foregoing Persons or Entities in clauses (a) through (e), each Related Person of such Persons or Entities.

Ex. 83, *AIGFP Plan* [D.I. 6] at 10, 39–40.

© 2023 Kobre & Kim LLP

KOBRE & KIM | DISPUTES AND INVESTIGATIONS

# AIGFP Cannot Confirm A Plan

- **AIG Inc. cannot be the impaired accepting class**

**Section 1129(a)(10):** If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, *determined without including any acceptance of the plan by any insider.*

*"[A] bankruptcy court may dismiss a case sua sponte if a debtor is unable to effectuate a plan or if there is unreasonable delay that is prejudicial to creditors."*

*In re B & B W. 164th St. Corp.*, 147 B.R. 832, 842 (Bankr. E.D.N.Y. 1992) (Duberstein, J.).

© 2023 Kobre & Kim LLP

# The Illusory "Section 363 Sale Toggle"

Concurrently with its solicitation of votes on the Plan, the Debtor is conducting a marketing process for the sale of all or substantially all of the Debtor's assets under section 363 of the Bankruptcy Code (the "**363 Sale**"). In the event that the Debtor does not receive the requisite votes to confirm the Plan or otherwise fails to meet the requirements for confirmation under section 1129 of the Bankruptcy Code, the Debtor intends to pursue and consummate a 363 Sale to the highest and best bidder pursuant to Court-approved bidding and auction procedures, and the Debtor reserves all rights to seek such Sale. In furtherance of the foregoing, the Debtor intends to file one or more motions with this Court requesting approval of (a) bidding and auction procedures in connection with the proposed 363 Sale, and, should the Debtor fail to receive the requisite votes to confirm the Plan or otherwise fail to meet the requirements for confirmation, (b) the consummation of the 363 Sale. The Debtor anticipates that Parent will bid at such auction, and if Parent is determined to be the highest and best bidder, the Debtor will seek Court approval of the consummation of the 363 Sale to Parent in exchange for the satisfaction, settlement, discharge, and release of a portion of the Parent's Prepetition Revolving Loan Claim. The Debtor further

Ex. 84, *AIGFP Disclosure Statement* [D.I. 7] at 11

*"I'm certain we discussed whether there was a possibility for a third – a sale to a third party at some point, but it was — that possibility was roundly — it was decided that that was not a possibility, that just given the structure we weren't — **there was no third party who was going to buy this**. And so I'm sure it was discussed briefly, **but it just wasn't even a feasible alternative**. So it didn't take up much of our time."*

-Pamela Corrie

Ex. 2, Corrie Dep. Tr. 77:12–21

© 2023 Kobre & Kim LLP

# This Chapter 11 Is A Litigation Tactic

**Weil**

## Overview

- This presentation provides background relating to a potential chapter 11 bankruptcy filing by AIG Financial Products Corp. ("**FP**") as a means to advance its wind-down most efficiently given its current balance sheet, the separation of American International Group, Inc.'s ("**AIG**") L&R business, and ongoing litigation relating to its historical executive deferred compensation plan (the "**DCP**").
- FP is deeply insolvent and has no realistic prospect of repaying its creditors. AIG is both a creditor of FP and the guarantor of all of FP's debts, except the disputed DCP claims. While FP believes the DCP claims are without merit, litigation is ongoing and is expected to be costly and protracted.
- At present, a chapter 11 bankruptcy filing by FP is a viable strategy for resolving this situation.
- In an FP bankruptcy, any DCP claims would be expressly non-guaranteed, unsecured, and subordinated.

Ex. 12, January 2022 Weil Presentation,
AIGFP_CH11_00004218

> *"[O]ur conclusion of our determination that it would likely be the most efficacious and efficient and value-maximizing way forward, would be through the filing of a bankruptcy* ***in the event that every one of the 46 plaintiffs that were suing FP did not quickly fall in line and agree to a settlement****."*
>
> -Pamela Corrie
>
> Ex. 2, Corrie Dep. Tr. 177:12-18

© 2023 Kobre & Kim LLP

# The Chapter 11 Strategy Is For AIG Inc.'s Benefit

**From:** Hirsch, Marilyn V <Marilyn.Hirsch@aig.com>
**Sent:** Tuesday, December 13, 2022 10:21 PM
**To:** Fitzsimons, Shane <Shane.Fitzsimons@aig.com>
**Cc:** Stubbs, Paul <Paul.Stubbs@aig.com>; Wunder, Kasey <Kasey.Wunder@aig.com>; Carbone, Kathleen T <Kathleen.Carbone@aig.com>
**Subject:** 2 Questions | FP FAQ

Shane,

Attached please find responses to the two questions you proposed to me earlier this morning. Believe these address the questions raised; I will be up early NY time to discuss any questions you may have.

Ex. 67, AIGFP_CH11_00024425

1. **Why would we have not taken this decision over the last 14 years?**

The impediment had been the financial impact of losses and liquidity outflows that would result from an FP default that would become an obligation of AIG under the terms of its guarantee(s).

Transferring these transactions to an FP sub [AIG Matched Funding] and a sister company, AIG Markets, minimizes disruption to our counterparties and to AIG.

1. **Why would we have not taken this decision over the last 14 years?**
   a. Post financial crisis, FP's positions were de-risked and FP has been in run-off ever since. Through maturities and negotiated terminations, the exposures have decreased significantly:

***Chart Omitted***

   b. The use of bankruptcy to discharge FP's obligations to its general creditors has come up several times in the last several years. The impediment had been the financial impact of losses and liquidity outflows that would result from an FP default that would become an obligation of AIG under the terms of its guarantee(s).
   c. When the most recent bankruptcy discussion was started at the beginning of 2022, a new strategy was developed to transfer derivative transactions to other AIG subs and has been successfully implemented. This strategy eliminates immediate accounting, economic and liquidity impacts.
   d. Transferring these transactions to an FP sub [AIG Matched Funding] and a sister company, AIG Markets, minimizes disruption to our counterparties and to AIG. These actions coupled with the bankruptcy filing likely gives us credibility and leverage in going back to our counterparties to negotiate terminations on the best possible terms available.

Ex. 67, AIGFP_CH11_00024427

© 2023 Kobre & Kim LLP

# *AIG Financial Products Corp.*

## *DEBTOR'S OBJECTION TO THE MOTION TO DISMISS*

LATHAM & WATKINS LLP

**March 27, 2023**

Case 23-11309-MFW Doc 227-1 Filed 09/21/23 Page 3 of 50

# Topics to Cover: Good Faith of the Debtor

1. Financial Distress & Insolvency
2. Valid Bankruptcy Purpose
3. No Litigation Tactic
4. The Special Committee
5. The *Primestone* Factors
6. Concluding Remarks

# Financial Distress & Insolvency

- The Former Executives have conceded that the Parent Loan can be assumed to be (and treated as) debt for purposes of their Motion. They expressly state the following:
  - “The legal nature of [the Parent Loan] is **<u>not</u>** the subject of this Motion and need **<u>not</u>** be decided now.” Motion, ¶ 2.
  - “The [Former Executives] are **<u>not</u>** seeking adjudication of the recharacterization issue as part of this Motion, **<u>nor</u>** do they take the position that this Court needs to determine that the [the Parent Loan] should be treated as equity in order to dismiss this case.” Motion, ¶ 3 n.5.
- The Debtor is, therefore, massively insolvent and in financial distress. And continuing in the Connecticut Litigation only increases its insolvency and financial distress.

# Financial Distress & Insolvency *(cont.)*

- If the Former Executives are successful in the Connecticut Litigation, then this Chapter 11 Case (or another type of restructuring) is inevitable and the same bankruptcy costs will be incurred at that time *and the Former Executives will again be subordinated to the Parent Loan*.

  > The Former Executives are 46 separate creditors.

  > The Former Executives allege a minimum of $180 million in contractual damages, which could increase to $640 million with penalties.

  > AIG FP cannot pay these alleged amounts in full (including at the lowest level of damages), and they are not backstopped by the Parent Guarantee. The alleged claims of the Former Executives are the obligations of AIG FP (and AIG FP alone)

  > AIG FP does not have any source of committed funding since the Parent can fund (or not fund) under the Parent Loan in its sole discretion. *See* Parent Loan, § 1.1.

# Financial Distress & Insolvency *(cont.)*

- The Former Executives never explain how AIG FP could pay a judgment in the Connecticut Litigation, and repeatedly assert that the Debtor has "few assets". *See* Motion, ¶ 8; *see* Reply, ¶ 50 n.77 & ¶ 52.

- They also argue the Parent was both (i) <u>not</u> exerting pressure for repayment of its loan and (ii) exerting unfair pressure on the Debtor to repay its loan prior to the filing through the cash pool offset.

- They then attempt to explain Third Circuit law about the relationship between financial distress and insolvency, and argue that AIG FP's financial distress was not "immediate enough". *See* Reply, ¶ 17-22.

Case 22-11309-MFW Doc 227-1 Filed 06/01/23 Page 3 of 50

# Financial Distress & Insolvency *(cont.)*

SEALED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AIG FINANCIAL PRODUCTS CORP., | Case No. 22-11309 (MFW) |
| Debtor. | |

REPLY IN FURTHER SUPPORT OF EMPLOYEE PLAINTIFFS' MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 CASE

Docket No. 161
Filed: 3/20/2023

**REPLY IN FURTHER SUPPORT OF EMPLOYEE PLAINTIFFS' MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 CASE**

Reply Brief

17. As AIGFP acknowledges, the Third Circuit recently confirmed in *LTL* that "financial distress" is a necessary predicate to a good faith Chapter 11 filing. In *LTL*, the debtor faced over 40,000 lawsuits in connection with products manufactured by its predecessor in interest. See *In re LTL Mgmt., LLC*, 2023 WL 1098189 at *747. While the Third Circuit sympathized with the bankruptcy court's conclusion that there would be substantial benefits to creditors as a whole if all pending litigation were heard in one forum and a race to the courthouse were averted, *see id.* at *752, *763–764, the Court nevertheless emphasized that the "distress must not only be apparent, but it must be *immediate enough to justify a filing*," *id.* at *755 (emphasis added).

Reply p. 12

22. In an attempt to establish financial distress, AIGFP relies on "insolvency" in only the most technical sense of the word—by pointing to amounts purportedly owed to AIG Inc. pursuant to the Parent Investment.[28] Insolvency, however, is only a *single* factor in the nuanced analysis bankruptcy courts in this district use to evaluate financial distress. *See In re Rent-A-Wreck of Am., Inc.*, 580 B.R. 364, 375–76 (Bankr. D. Del. 2018) (noting that "[a]n analysis of financial distress is a fact specific inquiry" and identifying a number of relevant factors other than insolvency, including "*the proportion of debt owed to insiders*" (emphasis added));[29] *see also In re SGL Carbon Corp.*, 200 F.3d 154, 163 (3d Cir. 1999) (debtor did not face "immediate financial difficulty" because, among other reasons, of the "$276 million in fixed and non-disputed liabilities [the debtor faced] . . . only $26 million were held by outsiders as the remaining liabilities were either owed to or guaranteed by [the debtor's parent]").

Reply p. 15

# Financial Distress & Insolvency *(cont.)*

- *LTL Management* is clear on the relationship between financial distress and insolvency.

- A company can be in financial distress while still technically solvent, but an insolvent company is, by definition, in financial distress.

# Financial Distress & Insolvency *(cont.)*

In re LTL Management, LLC, 58 F.4th 738 (2023)

58 F.4th 738
United States Court of Appeals, Third Circuit.

IN RE: LTL MANAGEMENT, LLC, Debtor
LTL Management, LLC

Those Parties Listed on Appendix A To Complaint and John and Jane Does 1-1000
*Official Committee of Talc Claimants, Appellant in Nos. 22-2003, 22-2004 and 22-2005
*Official Committee of Talc Claimants; Patricia Cook; Evan Plotkin; Randy Derouen; Kristie Doyle, as estate representative of Dan Doyle; Katherine Tollefson; Tonya Whetsel, as estate representative of Brandon Wetsel; Giovanni Sosa; Jan Deborah Michelson-Boyle, Appellants in case Nos. 22-2006, 22-2007 and 22-2008
Arnold & Itkin LLP, on behalf of certain personal injury claimants represented by Arnold & Itkin, Appellant in case No. 22-2009
Aylstock Witkin Kreis & Overholtz PLLC, on behalf of more than three thousand holders of talc claims, Appellant in case Nos. 22-2010 and 22-2011
*(Amended per Court's Order dated 06/10/2022)

Nos. 22-2003, 22-2004, 22-2005, 22-2006, 22-2007, 22-2008, 22-2009, 22-2010, 22-2011
|
Argued September 19, 2022
|
(Opinion filed: January 30, 2023)

**Synopsis**
**Background:** Official committee of talc claimants and law firm on behalf of certain talc personal injury claimants filed motions to dismiss Chapter 11 case of debtor, an indirect subsidiary of manufacturer of talc-based astringent powder which, through corporate restructuring, had assumed responsibility for manufacturer's talc-related liabilities, as not having been filed in good faith. Debtor filed motion seeking extension of order that had been entered by North Carolina bankruptcy court prior to case's transfer to New Jersey, which enjoined third-party claims against certain nondebtor "protected parties." The United States Bankruptcy Court for the District of New Jersey, Michael B. Kaplan, Chief Judge, denied motions to dismiss, 637 B.R. 396, and granted injunction motion, 638 B.R. 291. Talc claimants appealed.

Direct appeals to the Third Circuit were authorized, and the appeals consolidated.

**Holdings:** The Court of Appeals, Ambro, Circuit Judge, held that:

[1] in evaluating debtor's good faith, the Court of Appeals would consider only the financial condition of debtor, not

Reversed and remanded with instructions.

**Procedural Posture(s):** On Appeal; Motion to Convert or Dismiss Case; Motion for Preliminary Injunction.

West Headnotes (44)

[1] **Bankruptcy** ⟵ "Good faith."
Good intentions, such as to protect a company's brand or comprehensively resolve litigation, do not suffice, alone, to constitute good faith in filing a Chapter 11 petition; what counts to access the Bankruptcy Code's safe harbor is to meet its intended purposes. 11 U.S.C.A. § 1112(b).

[2] **Bankruptcy** ⟵ Good Faith; Motive
Only a putative debtor in financial distress may access the Bankruptcy Code's safe harbor by filing a bankruptcy petition.

[3] **Corporations and Business Organizations** ⟵ Spin-Offs, Split-Offs, and Corporate Divisions

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works. 1

*In re LTL Management, LLC*, 58 F.4th 738 (2023)

[22] But what degree of financial distress justifies a debtor's filing? To say, for example, that a debtor must be in financial distress is not to say it must necessarily be insolvent. We recognize as much, as the Code conspicuously does not contain any particular insolvency requirement. See *SGL Carbon*, 200 F.3d at 163; *Integrated Telecom*, 384 F.3d at 121. And we need not set out any specific test to apply rigidly when evaluating financial distress. Nor does the Code direct us to apply one.

[23] [24] Instead, the good-faith gateway asks whether the debtor faces the kinds of problems that justify Chapter 11 relief. Though insolvency is not strictly required, and "no list is exhaustive of all the factors which could be relevant when analyzing a particular debtor's good faith," *SGL Carbon*, 200 F.3d at 166 n.16, we cannot ignore that a debtor's balance-sheet insolvency or insufficient cash flows to pay liabilities (or the future likelihood of these issues occurring) are likely always relevant. This is because they pose a problem Chapter 11 is designed to address: "that the system of individual creditor remedies may be bad for the creditors *as a group* when there are *not enough assets to go around*." *Integrated Telecom*, 384 F.3d at 121 (second set of italics added) (quoting Thomas H. Jackson, *The Logic and Limits of Bankruptcy Law* 10 (1986)).

*LTL Management*, 58 F.4th at 755

[26] [27] [28] [29] Financial distress must not only apparent, but it must be immediate enough to justify a filing. "[A]n attenuated possibility standing alone" that a debtor "may have to file for bankruptcy in the future" does not establish good faith. *SGL Carbon*, 200 F.3d at 164; *see, e.g.*, *Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 228 (2d Cir. 1991) ("Although a debtor need not be *in extremis* in order to file[,] ... it must, at least, face such financial difficulty that, if it did not file at that time, it could anticipate the need to file in the future."). Yet we recognize the Code contemplates "the need for early access to bankruptcy relief to allow a debtor to rehabilitate its business before it is faced with a hopeless situation." *SGL Carbon*, 200 F.3d at 163. A "financially troubled" debtor facing mass tort liability, for example, may require bankruptcy to "enable a continuation of [its] business and to maintain access to the capital markets" even before it is insolvent. *Id.* at 169.

*LTL Management*, 58 F.4th at 755

# Financial Distress & Insolvency *(cont.)*

In re SGL Carbon Corp., 200 F.3d 154 (1999)
1999-2 Trade Cases P 72,739, 43 Collier Bankr.Cas.2d 668, 35 Bankr.Ct.Dec. 116...

KeyCite Yellow Flag - Negative Treatment
Distinguished by Hartford Accident and Indemnity Company v. American Capital Equipment, W.D.Pa., May 14, 2007

200 F.3d 154
United States Court of Appeals,
Third Circuit.

In re SGL CARBON CORPORATION, Debtor
Official Committee of Unsecured Creditors, Appellant at No. 99–5319
Nucor Corporation; Nucor–Yamato Steel Company, Appellants at No. 99–5382

Nos. 99–5319, 99–5382.
|
Argued July 29, 1999.
|
Decided Dec. 29, 1999.

**Synopsis**
Unsecured creditors committee, comprised primarily of antitrust claimants, moved to dismiss debtor's Chapter 11 case based on debtor's alleged lack of good faith in filing for bankruptcy solely as litigation tactic in pending antitrust litigation. The United States District Court for the District of Delaware, Joseph J. Farnan, Jr., Chief District Judge, 233 B.R. 285, denied motion. Creditors committee appealed. As matter of first impression, the Court of Appeals, Scirica, Circuit Judge, held that: (1) Chapter 11 petitions are subject to dismissal for cause if not filed in good faith, and (2) debtor's Chapter 11 petition lacked a valid reorganizational purpose and was not filed in good faith, thus warranting dismissal.

Reversed and remanded.

**Procedural Posture(s):** On Appeal.

West Headnotes (13)

[1] **Bankruptcy** Discretion
**Bankruptcy** Discretion
Decision whether to dismiss Chapter 11 petition is committed to sound discretion of the bankruptcy or district court, and Court of Appeals will review for abuse of discretion.

35 Cases that cite this headnote

[2] **Bankruptcy** Abuse of Bankruptcy Process
**Bankruptcy** Good Faith; Motive
Where debtor otherwise properly belongs in bankruptcy, dismissal of Chapter 11 petition need not always follow from a finding of bad faith stemming from prepetition or postpetition misconduct by debtor, but in bad faith cases involving the filing of a petition that is an abuse of the bankruptcy process, statutory conversion/

[3] **Bankruptcy** Good Faith; Motive
Chapter 11 bankruptcy petitions are subject to dismissal for cause if not filed in good faith. Bankr.Code, 11 U.S.C.A. § 1112(b).

49 Cases that cite this headnote

[4] **Bankruptcy** Who May Be a Debtor
Debtor who attempts to garner shelter under the Bankruptcy Code must act in conformity with the Code's underlying principles. Bankr.Code, 11 U.S.C.A. § 101 et seq.

[5] **Bankruptcy** Proceedings
Once at issue, burden falls upon bankruptcy petitioner to establish that Chapter 11 petition has been filed in "good faith." Bankr.Code, 11 U.S.C.A. § 1112(b).

43 Cases that cite this headnote

[6] **Bankruptcy** Scope of Review in General
On appeal from district court's denial of motion to dismiss Chapter 11 case on ground that it was

WESTLAW © 2022 Thomson Reuters. No claim to original U.S. Government Works. 1

200 F.3d 154
United States Court of Appeals,
Third Circuit.

In re SGL CARBON CORPORATION, Debtor

*In re SGL Carbon Corp.*, 200 F.3d 154 (1999)

We do not hold that a company cannot file a valid Chapter 11 petition until after a massive judgment has been entered against it. Courts have allowed companies to seek the protections of bankruptcy when faced with pending litigation that posed a serious threat to the companies' long term viability. *See, e.g., Baker v. Latham Sparrowbush Assocs.*

*SGL Carbon*, 200 F.3d at 164

[12] For these reasons, SGL Carbon's reliance on those cases is misplaced. The mere possibility of a future need to file, without more, does not establish that a petition was filed in "good faith." *See, e.g., In re Cohoes Indus. Terminal Inc.*, 931 F.2d at 228 ("Although a debtor need not be in extremis in order to file [a Chapter 11] petition, it must, at least, face such financial difficulty that, if it did not file at that time, it could anticipate the need to file in the future.").

*SGL Carbon*, 200 F.3d at 164

# Financial Distress & Insolvency *(cont.)*



In re Rent–A–Wreck of America, Inc., 580 B.R. 364 (2018)
65 Bankr.Ct.Dec. 74

KeyCite Yellow Flag - Negative Treatment
Distinguished by In re SureFunding, LLC, Bankr.D.Del., June 2, 2020

580 B.R. 364
United States Bankruptcy Court, D. Delaware.

IN RE: RENT–A–WRECK OF AMERICA, INC., et. al., Debtors.

Case No. 17–11592 (LSS)
|
Signed February 13, 2018

**Synopsis**
**Background:** After Chapter 11 debtors filed motion to rej[…] seven franchise agreements, franchisee moved to dismiss […] bankruptcy case for bad faith filing.

**[Holding:]** The Bankruptcy Court, Laurie Selber Silverst[…], J., held that debtors did not file Chapter 11 cases in good faith.

Motion granted.

See also 468 Fed.Appx. 238, 603 Fed.Appx. 142.

**Procedural Posture(s):** Motion to Dismiss.

West Headnotes (9)

[1] **Bankruptcy** Proceedings
When a motion to dismiss a Chapter 11 case is filed, the burden is on the bankruptcy petitioner to establish that good faith exists. 11 U.S.C.A. § 1112(b).
1 Cases that cite this headnote

[2] **Bankruptcy** Good Faith; Motive
Whether bankruptcy petitioner has met its burden to establish that Chapter 11 case was filed in good faith is a fact intensive question in which courts examine the totality of the circumstances to see where a petition falls along the spectrum ranging from the clearly acceptable to the patently abusive. 11 U.S.C.A. § 1112(b).

[3] **Bankruptcy** "Good faith."
While there is no definitive list of factors relevant to determination whether Chapter 11 case was filed in good faith, the bankruptcy court focuses on two inquiries: (1) whether the petition serves a valid bankruptcy purpose, e.g. by preserving a going concern or maximizing the value of […]

580 B.R. 364
United States Bankruptcy Court, D. Delaware.

IN RE: RENT–A–WRECK OF AMERICA, INC., et. al., Debtors.

[…] conferred by the Bankruptcy Code does not establish good faith, nor does it constitute a valid bankruptcy purpose. 11 U.S.C.A. § 1112(b).
1 Cases that cite this headnote

[5] **Bankruptcy** "Good faith."
**Bankruptcy** "Bad faith."
While the desire to use provisions of the Bankruptcy Code to one's advantage does not constitute a bad faith filing of Chapter 11 case, it also does not constitute a good faith filing. 11 U.S.C.A. § 1112(b).

[6] **Bankruptcy** "Bad faith."
Corporate debtor and its wholly owned subsidiary, which sold and administered franchises for operation of vehicle rental businesses, did not file Chapter 11 cases in good faith, warranting dismissal, where debtors were not in financial distress at the time petitions were filed, and primary purpose of the filing was to reject franchisee's franchise agreement so debtors could open certain territory to multiple

WESTLAW © 2022 Thomson Reuters. No claim to original U.S. Government Works. 1

*In re Rent–A–Wreck of America, Inc.,* 580 B.R. 364 (2018)

> Based on the totality of the circumstances, I conclude that these cases were not filed in good faith. By its nature, this decision is limited. In another circumstance, a financially distressed debtor's recognition of the outcome of litigation and/or a desire to avoid future litigation may serve as a legitimate basis for the *388 filing of a bankruptcy case.

*Rent–A–Wreck,* 580 B.R. at 387-88

## Valid Bankruptcy Purpose

- The Debtor’s undisputed financial distress and insolvency leads naturally to its valid bankruptcy purpose.

- First, this Chapter 11 Case allows the Debtor to properly distribute its material (albeit insufficient) unencumbered asset values to its multiple competing unsecured creditors (or alleged creditors). This is the quintessential, and most fundamental purpose, of bankruptcy.

  > The central task of a bankruptcy court is to resolve competing claims to a limited pool of assets. That is exactly the facts that exist in this Chapter 11 Case.

- Second, this Chapter 11 Case preserves value that otherwise would be lost outside of bankruptcy by ending both (a) the accrual of over $133 million per month in interest under the Parent Loan, and (b) the anticipated spending of millions of dollars in the Connecticut Litigation, all incurred for an alleged unsecured claim that the Debtor could not pay in full regardless and that is contractually subordinated in bankruptcy.

# Valid Bankruptcy Purpose *(cont.)*

In response to these bankruptcy purposes, the Former Executives cite to the Third Circuit opinion in *Memorial*, but inadvertently rely on the overruled Bankruptcy Court findings.

44. AIGFP's attempt to argue that *any* case in which there are multiple competing claims on a limited pool of assets should survive a bad faith challenge (Objection ¶¶ 108–109) is not only factually misplaced but also patently wrong. Unlike the case with the *LTL* creditors, parent AIG Inc. is not even "competing" with other creditors—as mentioned it orchestrated the entire Chapter 11 process, and the only claimants that were pursuing AIGFP pre-petition were the Employee Plaintiffs. And the Third Circuit has rejected the notion that competition between creditors for the same assets is sufficient to find good faith. In *In re 15375 Memorial Corp. v. Bepco, L.P.*, for example, the Third Circuit reversed the bankruptcy court's denial of a motion to dismiss *despite* the fact that the debtor was facing "possible multiple claims on the same insurance policies and the problem of dividing up the proceeds of such policies among multiple claimants." *In re 15375 Mem'l Corp.*, 589 F.3d at 616.

589 F.3d at 616.

# Valid Bankruptcy Purpose *(cont.)*

In re 15375 Memorial Corp. v. Bepco, L.P., 589 F.3d 605 (2009)
52 Bankr.Ct.Dec. 146, Bankr. L. Rep. P 81,652

KeyCite Yellow Flag - Negative Treatment
Distinguished by In re LTL Management, LLC, Bankr.D.N.J., ... 25, 2022

589 F.3d 605
United States Court of Appeals,
Third Circuit.

In re 15375 MEMORIAL CORPORATION, et al., Santa Fe Minerals, Inc., Debtors/Appellants in 09–1391, Cross–Appellees in 09–1432, Cross–Appellees in 09–1608
v.
BEPCO, L.P., f/k/a Bass Enterprises Production Company, Appellee in 09–1391, Intervenor/Cross–Appellee in 09–1432, Intervenor/Appellant in 09–1608
Global Santa Fe Corporation; Global Santa Fe Corporation Services, Inc.; Entities Holdings, Inc., Intervenors/Appellees in 09–1391, Intervenors/Appellants in 09–1432, Intervenors/Appellees in 09–1608.

Nos. 09–1391, 09–1432, 09–1608.
|
Argued Sept. 14, 2009.
|
Filed: Dec. 22, 2009.

Synopsis
**Background:** Limited partnership named as defendant in adversary proceeding brought by Chapter 11 debtors moved for dismissal or conversion of debtors' bankruptcy cases based on their alleged lack of good faith, as well as for relief from the automatic stay. The United States Bankruptcy Court for the District of Delaware, Kevin Gross, J., 382 B.R. 652, denied motion to dismiss, but granted stay relief, and, upon parties' motion for reconsideration and/or clarification, clarified its earlier order, 386 B.R. 548. Limited partnership appealed. The District Court, Sue L. Robinson, J., 400 B.R. 420, reversed and remanded. Debtors appealed.

**Holdings:** The Court of Appeals, Smith, Circuit Judge, held that:

[2] there was ample evidence to support the district court's determination that debtors' bankruptcy petitions did not serve valid bankruptcy purposes but, instead, were filed primarily as a litigation tactic, and thus were not filed in good faith.

District court's order affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

West Headnotes (28)

[1] **Bankruptcy** Scope of review in general
Where the district court sat below as an appellate court, the Court of Appeals would conduct the same review of the bankruptcy court's order as did the district court.
2 Cases that cite this headnote

[2] **Bankruptcy** Discretion
Bankruptcy court's refusal to dismiss a Chapter 11 bankruptcy petition for want of good faith is reviewed for an abuse of discretion.
1 Case that cites this headnote

[3] **Bankruptcy** Discretion
"Abuse of discretion" exists where the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.
10 Cases that cite this headnote

[4] **Bankruptcy** Conclusions of law; de novo review
**Bankruptcy** Clear error
Court of Appeals reviews the findings of fact leading to the decision below for clear error and exercises plenary review over the district court's conclusions of law.

WESTLAW © 2022 Thomson Reuters. No claim to original U.S. Government Works. 1

*In re 15375 Memorial Corp. v. Bepco, L.P.*, 589 F.3d 605 (2009)

The Third Circuit was citing to the overruled bankruptcy court opinion.

and we do so as well. These facts were ascertained during a three-day trial held by the Bankruptcy Court to decide several motions, including a motion by Bass Enterprises Production Co. ("BEPCO") to dismiss the Debtors' Chapter 11 petitions for lack of good faith. *Santa Fe Minerals, Inc. v. BEPCO, L.P. (In re 15375 Mem'l Corp. I* ), 382 B.R. 652, 658 (Bankr.D.Del.2008).

*Memorial*, 589 F.3d at 609

The Debtors filed their Chapter 11 bankruptcy petitions because they were concerned about their ongoing and pending litigations. In particular, they "considered the wearing effect of piecemeal litigation ***616** involving one case after another over a possible finite pot of money; the ability to obtain jurisdiction over a geographically disparate group of claimants (located in Texas, Oklahoma, Louisiana and California, among other states); and possible multiple claims on the same insurance policies and the problem of dividing up the proceeds of such policies among multiple claimants." *Id.* at 677–78. Ultimately, though, the Tebow Action

***Memorial*, 589 F.3d at 616**

# Valid Bankruptcy Purpose *(cont.)*

## Actual findings and holdings of the Third Circuit

In re 15375 Memorial Corp. v. Bepco, L.P.,
52 Bankr.Ct.Dec. 146, Bankr. L. Rep. P 81,65

KeyCite Yellow Flag - Negative Treatment
Distinguished by In re LTL Management, LLC, Bank
25, 2022

589 F.3d 605
United States Court of Appeals,
Third Circuit.

In re 15375 MEMORIAL CORPORATION,
et al., Santa Fe Minerals, Inc., Debtors/
Appellants in 09–1391, Cross–Appellees
in 09–1432, Cross–Appellees in 09–1608
v.
BEPCO, L.P., f/k/a Bass Enterprises Production
Company, Appellee in 09–1391, Intervenor/Cross–
Appellee in 09–1432, Intervenor/Appellant in 09–1608
Global Santa Fe Corporation; Global Santa Fe
Corporation Services, Inc.; Entities Holdings, Inc.,
Intervenors/Appellees in 09–1391, Intervenors/Appellants
in 09–1432, Intervenors/Appellees in 09–1608.

Nos. 09–1391, 09–1432, 09–1608.
|
Argued Sept. 14, 2009.
|
Filed: Dec. 22, 2009.

**Synopsis**
**Background:** Limited partnership named as defendant in adversary proceeding brought by Chapter 11 debtors moved for dismissal or conversion of debtors' bankruptcy cases based on their alleged lack of good faith, as well as for relief from the automatic stay. The United States Bankruptcy Court for the District of Delaware, Kevin Gross, J., 382 B.R. 652, denied motion to dismiss, but granted stay relief, and, upon parties' motion for reconsideration and/or clarification, clarified its earlier order, 386 B.R. 548. Limited partnership appealed. The District Court, Sue L. Robinson, J., 400 B.R. 420, reversed and remanded. Debtors appealed.

**Holdings:** The Court of Appeals, Smith, Circuit Judge, held that:

[2] there was ample evidence to support the district court's determination that debtors' bankruptcy petitions did not serve valid bankruptcy purposes but, instead, were filed primarily as a litigation tactic, and thus were not filed in good faith.

[4] **Bankruptcy** Conclusions of law; de novo review
**Bankruptcy** Clear error
Court of Appeals reviews the findings of fact leading to the decision below for clear error and exercises plenary review over the district court's conclusions of law.

WESTLAW © 2022 Thomson Reuters. No claim to original U.S. Government Works. 1

*In re 15375 Memorial Corp. v. Bepco, L.P.*, 589 F.3d 605 (2009)

It is true that, at its most basic level, bankruptcy is designed to handle the distribution problems arising when the system of individual creditor remedies harms the creditors as a group and there are not enough assets to go around. *In re Integrated Telecom Express, Inc.*, 384 F.3d at 121 (citing Thomas H. Jackson, *The Logic and Limits of Bankruptcy Law* 10 (1986)). That distribution problem is not implicated in this case.

*Memorial*, 589 F.3d at 620

These insurance policies, therefore, are the Debtors' most valuable assets since they, at a minimum, cover the Tebow Action, the Debtors' most significant potential liability. As such, a central forum for distribution adds little value to the Debtors' estates because the Debtors' insurance policies cannot be used to pay for liabilities that the policies do not cover. In sum, given that three of the four [11] active litigations against the Debtors, the Sinz, Troia, and Tebow Actions, are likely covered by non-overlapping insurance policies, *id.*, and that those litigations dwarf the other proofs of claim in size, *id.* at 670–72, centralization of claims in a single forum does not implicate the basic distribution problem bankruptcy was designed to resolve.

*Memorial*, 589 F.3d at 621

Case 23-11309-MFW Doc 224-8 Filed 09/21/23 Page 16 of 35

# Valid Bankruptcy Purpose *(cont.)*

The Former Executives then shift their entire focus from the balance sheet of AIG FP to the balance sheet of AIG Inc.

48. Similarly, in *In re Energy Future Holdings Corp.* (Objection ¶¶ 77, 140), Judge Sontchi observed that the parent who provided funding to the debtor had itself filed for Chapter 11. *See In re Energy Future Holdings Corp*, 561 B.R. 630, 641 (Bankr. D. Del. 2016) (dismissal not warranted where debtor and 69 of its affiliates filed for Chapter 11 and distinguishing from *Memorial* because case did not involve "an enterprise-wide restructuring"). Thus, AIGFP's case law taken together confirms that where a cash-rich parent provides financing and support to a subsidiary, that parent's financial health is relevant to the good faith inquiry.

Reply p. 31

# Valid Bankruptcy Purpose *(cont.)*

*LTL Management* instructs to focus on the debtor entity only.

In re LTL Management, LLC, 58 F.4th 738 (2023)

58 F.4th 738
United States Court of Appeals, Third Circuit.

IN RE: LTL MANAGEMENT, LLC, Debtor
LTL Management, LLC

Those Parties Listed on Appendix A To Complaint and John and Jane Does 1-1000
*Official Committee of Talc Claimants, Appellant in Nos. 22-2003, 22-2004 and 22-2005
*Official Committee of Talc Claimants; Patricia Cook; Evan Plotkin; Randy Derouen; Kristie Doyle, as estate representative of Dan Doyle; Katherine Tollefson; Tonya Whetsel, as estate representative of Brandon Wetsel; Giovanni Sosa; Jan Deborah Michelson-Boyle, Appellants in case Nos. 22-2006, 22-2007 and 22-2008
Arnold & Itkin LLP, on behalf of certain personal injury claimants represented by Arnold & Itkin, Appellant in case No. 22-2009
Aylstock Witkin Kreis & Overholtz PLLC, on behalf of more than three thousand holders of talc claims, Appellant in case Nos. 22-2010 and 22-2011
*(Amended per Court's Order dated 06/10/2022)

Nos. 22-2003, 22-2004, 22-2005, 22-2006, 22-2007, 22-2008, 22-2009, 22-2010, 22-2011
|
Argued September 19, 2022
|
(Opinion filed: January 30, 2023)

**Synopsis**
**Background:** Official committee of talc claimants and law firm on behalf of certain talc personal injury claimants filed motions to dismiss Chapter 11 case of debtor, an indirect subsidiary of manufacturer of talc-based astringent powder which, through corporate restructuring, had assumed responsibility for manufacturer's talc-related liabilities, as not having been filed in good faith. Debtor filed motion seeking extension of order that had been entered by North Carolina bankruptcy court prior to case's transfer to New Jersey, which enjoined third-party claims against certain nondebtor "protected parties." The United States Bankruptcy Court for the District of New Jersey, Michael B. Kaplan, Chief Judge, denied motions to dismiss, 637 B.R. 396, and granted injunction motion, 638 B.R. 291. Talc claimants appealed.

Direct appeals to the Third Circuit were authorized, and the appeals consolidated.

**Holdings:** The Court of Appeals, Ambro, Circuit Judge, held that:

[1] in evaluating debtor's good faith, the Court of Appeals would ... its pr... restruc...

[2] des... in fina... show i... filed i...

[3] "u...

Revers...

**Procedural Posture(s):** On Appeal; Motion to Convert or Dismiss Case; Motion for Preliminary Injunction.

West Headnotes (44)

[1] **Bankruptcy** "Good faith."
Good intentions, such as to protect a company's brand or comprehensively resolve litigation, do not suffice, alone, to constitute good faith in filing a Chapter 11 petition; what counts to access the Bankruptcy Code's safe harbor is to meet its intended purposes. 11 U.S.C.A. § 1112(b).

[2] **Bankruptcy** Good Faith; Motive
Only a putative debtor in financial distress may access the Bankruptcy Code's safe harbor by filing a bankruptcy petition.

[3] **Corporations and Business Organizations** Spin-Offs, Split-Offs, and Corporate Divisions

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works. 1

58 F.4th 738
United States Court of Appeals, Third Circuit.

IN RE: LTL MANAGEMENT, LLC, Debtor
LTL Management, LLC

*In re LTL Management, LLC*, 58 F.4th 738 (2023)

**D. Only LTL's Financial Condition is Determinative.**

**[36]** Weighing the totality of facts and circumstances might seem on the surface to require that we evaluate the state of affairs of both Old Consumer and LTL when judging the latter's financial distress. That said, we must not underappreciate the financial reality of LTL while unduly elevating the comparative relevance of its pre-bankruptcy predecessor that no longer exists. Even were we unable to distinguish the financial burdens facing the two entities, we can distinguish their vastly different sets of available assets to address those burdens. On this we part from the Bankruptcy Court.

Thus for us, the financial state of LTL—a North Carolina limited liability company formed under state law and existing separate from both its predecessor company (Old Consumer) and its newly incorporated counterpart company (New Consumer)—should be tested independent of any other entity. That means we focus on its assets, liabilities, and, critically, the funding backstop it has in place to pay those liabilities.

*LTL Management*, 58 F.4th at 758

# Valid Bankruptcy Purpose *(cont.)*

Why does *LTL Management* instruct to focus on the debtor entity only?



In re LTL Management, LLC, 58 F.4th 738 (2023)

58 F.4th 738
United States Court of Appeals, Third Circuit.

IN RE: LTL MANAGEMENT, LLC, Debtor
LTL Management, LLC
v.
Those Parties Listed on Appendix A To Complaint and John and Jane Does 1-1000
*Official Committee of Talc Claimants, Appellant in Nos. 22-2003, 22-2004 and 22-2005
*Official Committee of Talc Claimants; Patricia Cook; Evan Plotkin; Randy Derouen; Kristie Doyle, as estate representative of Dan Doyle; Katherine Tollefson; Tonya Whetsel, as estate representative of Brandon Wetsel; Giovanni Sosa; Jan Deborah Michelson-Boyle, Appellants in case Nos. 22-2006, 22-2007 and 22-2008
Arnold & Itkin LLP, on behalf of certain personal injury claimants represented by Arnold & Itkin, Appellant in case No. 22-2009
Aylstock Witkin Kreis & Overholtz PLLC, on behalf of more than three thousand holders of talc claims, Appellant in case Nos. 22-2010 and 22-2011
*(Amended per Court's Order dated 06/10/2022)

Nos. 22-2003, 22-2004, 22-2005, 22-2006, 22-2007, 22-2008, 22-2009, 22-2010, 22-2011
|
Argued September 19, 2022
|
(Opinion filed: January 30, 2023)

**Synopsis**
**Background:** Official committee of talc claimants and law firm on behalf of certain talc personal injury claimants filed motions to dismiss Chapter 11 case of debtor, an indirect subsidiary of manufacturer of talc-based astringent powder which, through corporate restructuring, had assumed responsibility for manufacturer's talc-related liabilities, as not having been filed in good faith. Debtor filed motion seeking extension of order that had been entered by North Carolina bankruptcy court prior to case's transfer to New Jersey, which enjoined third-party claims against certain nondebtor "protected parties." The United States Bankruptcy Court for the District of New Jersey, Michael B. Kaplan, Chief Judge, denied motions to dismiss, 637 B.R. 396, and granted injunction motion, 638 B.R. 291. Talc claimants appealed.

Direct appeals to the Third Circuit were authorized, and the appeals consolidated.

**Holdings:** The Court of Appeals, Ambro, Circuit Judge, held that:

[1] in evaluating debtor's good faith, the Court of Appeals would ...

[2] ...

[3] "...

Rever...

**Procedural Posture(s):** On Appeal; Motion to Convert or Dismiss Case; Motion for Preliminary Injunction.

West Headnotes (44)

[1] **Bankruptcy** "Good faith."
Good intentions, such as to protect a company's brand or comprehensively resolve litigation, do not suffice, alone, to constitute good faith in filing a Chapter 11 petition; what counts to access the Bankruptcy Code's safe harbor is to meet its intended purposes. 11 U.S.C.A. § 1112(b).

[2] **Bankruptcy** Good Faith; Motive
Only a putative debtor in financial distress may access the Bankruptcy Code's safe harbor by filing a bankruptcy petition.

[3] **Corporations and Business Organizations** Spin-Offs, Split-Offs, and Corporate Divisions

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works. 1

*In re LTL Management, LLC*, 58 F.4th 738 (2023)

[39] We cannot say a "federal interest requires a different result." *See* *Butner*, 440 U.S. at 55, 99 S.Ct. 914. That is because the Bankruptcy Code is an amalgam of creditor-debtor tradeoffs balanced by a Congress that assumed courts applying it would respect the separateness of legal entities (and their respective assets and liabilities). "[T]he general expectation of state law and of the Bankruptcy Code ... is that courts respect entity separateness absent compelling circumstances calling equity ... into play." *In re Owens Corning*, 419 F.3d 195, 211 (3d Cir. 2005). Put differently, as separateness is foundational ***759** to corporate law, which in turn is a predicate to bankruptcy law, it is not easily ignored. It is especially hard to ignore when J&J's pre-bankruptcy restructuring—ring-fencing talc liabilities in LTL

*LTL Management*, 58 F.4th at 758-59

Case 22-11309-MFW Doc 247-1 Filed 06/21/23 Page 19 of 35

## Valid Bankruptcy Purpose *(cont.)*

- Only AIG FP is in bankruptcy and subject to its good-faith requirement. Thus, this Court should focus only AIG FP's assets and liabilities.

- And unlike the debtors in *LTL Management* that had "direct access to [the parent's] exceptionally strong balance sheet" and "an ATM disguised as a contract" for $61.5 billion (*Id*. at 759 & 762), AIG FP can obtain loans only in the sole discretion of the Parent.

- AIG FP has no legal right to force its parent entity to provide any additional liquidity to it at any time, whether in connection with the Connecticut Litigation or otherwise.

- It is fundamental Delaware law that parent companies are not required to fund their subsidiaries in perpetuity because that amounts to nothing more than disrespecting the corporate separateness of the parent and its subsidiary. *See, e.g., Pearson v. Component Tech. Corp*., 247 F.3d 471, 495 (3d Cir. 2001) ("a parent's ownership of stock will not suffice to create liability for the parent").

## Valid Bankruptcy Purpose *(cont.)*

- **Conclusion**: Good faith does not require AIG FP to litigate for months (or possibly years) in the Connecticut Court to confirm what is already self-evident and undisputed by the evidence:

  > it is in financial distress and does not have the capacity to pay all of its alleged creditors in full;

  > it cannot force its parent entity to fund another dollar under the Parent Loan or simply because it is a parent entity; and

  > it needs chapter 11 to preserve asset value, and then allocate that asset value among competing stakeholders.

# No Litigation Tactic

## Preview of Topics

- What is a litigation tactic?
- What is not a litigation tactic?
- What was actually pending before the Connecticut Court?
- What is actually pending before this Court?
- The Special Committee
- **Conclusion**: This chapter 11 filing was not a litigation tactic.

# No Litigation Tactic *(cont.)*

## What is a Litigation Tactic?

- A litigation tactic means the proposed debtor is trying to gain an unfair advantage in the underlying litigation itself, such as by delaying an ongoing non-bankruptcy court proceeding or trying to establish a factual contention in such proceeding. *In re PPI Enterprises (U.S.), Inc.*, 228 B.R. 339, 347 (Bankr. D. Del. 1998).

- A litigation tactic can also mean the debtor is trying to use a bankruptcy court "for disposition of the same issues pending before" the non-bankruptcy court. *Derma Pen*, 2014 WL 7269762, at *3 (Bankr. D. Del. Dec. 19, 2014).

# No Litigation Tactic *(cont.)*

## What is NOT a Litigation Tactic?

- It is not a litigation tactic for a company to be insolvent and unable to pay a claim in full, even if that claim is subject to litigation.

- It is also not a litigation tactic solely because the debtor has obtained a benefit through the imposition of the automatic stay (and that the debtor desires and needs that protection). The automatic stay is a consequential benefit (and one of the most fundamental protections) of bankruptcy itself.

  > "It is not bad faith to seek to gain an advantage from declaring bankruptcy—why else would one declare it?" *In re LTL Management, LLC*, 58 F.4th 738, 763 n.19 (3d Cir. 2023) *quoting In re James Wilson Assocs*., 965 F.2d 160, 170 (7th Cir. 1992).

## No Litigation Tactic *(cont.)*

**What was actually pending before the Connecticut Court?**

- The complaint filed by the Former Executives in the Connecticut Court includes only the following four counts against AIG FP only.
  1. breach of contract under the Deferred Compensation Plan;
  2. breach of contract under the Special Incentive Plan;
  3. breach of implied covenant of good faith and fair dealing; and
  4. violation of Connecticut wage and hour law.
- The Connecticut Litigation is about one single issue: do the Former Executives have claims against AIG FP at all (and if so, in what amount).
- The Parent is not (and has never been) a party to the Connecticut Litigation.

# No Litigation Tactic *(cont.)*

**What is actually pending before this Court?**

- The Debtor's Adversary Proceeding:
  1. the Parent Loan is Debt;
  2. the Alleged Claims of the Former Executives are Subordinated;
  3. the Compensation Plans Create Equity Interests; and
  4. the Alleged Claims (if any) of the Former Executives should be disallowed under Section 502(b)(4) of the Bankruptcy Code as Unreasonable Compensation.
- The Debtor's Chapter 11 Plan
- Bankruptcy is a collective process, not an individual lawsuit.

# No Litigation Tactic *(cont.)*

- The Former Executives never explain what this Court is being asked to decide that was pending before the Connecticut Court.

- This Court, for example, is not being asked to decide whether AIG FP ever had "Distributable Income" after 2008 or whether alleged bonus payments constitute "wages" under Connecticut state law.

- Instead, they simply argue that the objectives of this Chapter 11 Case and adversary proceeding are to "extinguish their claims". *See* Reply, ¶ 54.

## No Litigation Tactic *(cont.)*

- But that alleged motive is not a litigation tactic. All debtors want the benefits of the automatic stay, claims disallowance provisions, and bankruptcy discharge.

- This case was filed because the Debtor is insolvent and cannot pay its alleged unsecured creditors in full. A judgment in the Connecticut Litigation only adds to the Debtor's insolvency, making chapter 11 or some other kind of formal restructuring process inevitable.

- A good-faith filing (whether chapter 11 or chapter 7) will always impact an ongoing state court litigation. That is one of the consequences of filing for bankruptcy protection (if not the most fundamental) – to stop the enforcement of individual creditor remedies in non-bankruptcy courts.

# No Litigation Tactic *(cont.)*

- Finally, the Former Executives incorrectly argue that their claim subordination only occurs through bankruptcy. *See* Motion, ¶ 37; Reply, ¶ 47 & footnote 92.

> 47. [ . . . ] Here, by contrast, AIGFP's attempt to subordinate the Employee Plaintiffs' claim to AIG Inc.'s Parent Investment claim *only* occurs through bankruptcy. *See* Objection ¶ 21 (citing bankruptcy subordination provision in DCP and SIP plans);

Reply, p. 30 ¶47

> [92] AIGFP's assertion that the Employee Plaintiffs' claims should be heard in this Chapter 11 rather than in the Connecticut Court because only this Court can determine the issues of subordination of the Employee Plaintiffs and the nature of the Parent Investment (Objection ¶¶ 2, 90, 157, 169) is both circular and nonsensical. It is only because AIGFP chose to file for Chapter 11 that the subordination clause in the DCP and SIP Plans are triggered and non-bankruptcy courts—including state courts in Delaware—are routinely called upon to evaluate whether a transaction is what parties might portray. *See, e.g.*, *Harbinger Cap. Partners Master Fund I, Ltd. v. Granite Broad. Corp.*, 906 A.2d 218, 224 (Del. Ch. 2006) (reclassifying preferred stock from debt to equity).

Reply p. 39 fn. 92

# No Litigation Tactic *(cont.)*

- That is false. Their claim subordination happens through any kind of restructuring process. *See* DCP & SIP, § 4.01(a).

> 4.01. AIGFP's Liability.
>
> (a) The benefits payable hereunder shall constitute an unsecured debt of AIG Financial Products Corp. to the Participants and their Beneficiaries and to AIG and shall not have the benefit of any guarantee by AIG of payment obligations of AIG Financial Products Corp. For the avoidance of doubt, and notwithstanding anything else contained herein to the contrary, (i) the payment of benefits payable hereunder to each of the Participants and their Beneficiaries and to AIG shall be made only from the general funds of AIG Financial Products Corp., (ii) AIG Financial Products Corp. shall not segregate or earmark any of its assets nor hold any assets in trust or in any special account for this purpose, and (iii) none of the Participants, the Participants' Beneficiaries or AIG shall have any legal or equitable interest in, lien on, or claim to, any particular asset of AIG Financial Products Corp. by virtue of this Deferred Compensation Plan. If AIG Financial Products Corp. shall become the subject of any bankruptcy or insolvency case or proceeding, or shall make an assignment for the benefit of creditors, or shall become the subject of a reorganization whether or not pursuant to bankruptcy laws, or if any other relief shall be granted to AIG Financial Products Corp. generally from the rights of creditors, then in any such event (a "Bankruptcy/Insolvency Event") the obligations under this Deferred Compensation Plan to Participants and their Beneficiaries and to AIG shall be subordinate and junior in right of payment and otherwise, to the prior payment in full of all of the other obligations of AIG Financial Products Corp., whether now existing or hereafter incurred, except to the extent payment of any such obligations is expressly made subordinate to or *pari passu* with the payment obligations hereunder. If, in connection with a

Deferred Compensation Plan p. 14-15

Case 23-11309-MFW Doc 224-1 Filed 09/21/23 Page 30 of 35

## The Special Committee

*(iv) The Special Committee Does Not Establish Good Faith*

35. AIGFP's assertion that the appointment of independent directors Pamela Corrie and John Dubel should shield its bankruptcy case from dismissal (Objection ¶¶165–168) similarly fails.

36. To start, there is no such "independent director" defense to a bad faith filing as a matter of law.[57] Additionally, it is far from obvious whether the appointment of "independent" directors in

Reply p. 24

## The Special Committee *(cont.)*

- The Special Committee ran a thorough and independent process for nearly a year before commencing this case, holding over sixty meetings.

- The Special Committee (which, in turn, controlled the Board of AIG FP) operated separately from the Parent, observed proper corporate formalities, and fulfilled their fiduciary obligations to AIG FP.

- And it is a good faith business judgment, not an exercise of bad faith, for the Special Committee to conclude that there is no benefit to litigating to a judgment in Connecticut, when every dollar AIG FP spends in that litigation dissipates the estate at the expense of other, more senior creditors.

# The Special Committee *(cont.)*

**In re Integrated Telecom Express, Inc., 384 F.3d 108 (2004)**
43 Bankr.Ct.Dec. 175, Bankr. L. Rep. P 80,168

KeyCite Yellow Flag - Negative Treatment
Distinguished by Hartford Accident and Indemnity Company v. American Capital Equipment, W.D.Pa., May 14, 2007

384 F.3d 108
United States Court of Appeals,
Third Circuit.

In re: INTEGRATED TELECOM EXPRESS, INC.
a/k/a Integrated Technology Express, Inc. a/k/a
Delaware Integrated Telecom Express, Inc., Debtor
NMSBPCSLDHB, L.P., Appellant
v.
Integrated Telecom Express, Inc.; and The
Official Committee of Equity Holders, et al.

No. 04–2411.
|
Argued Aug. 3, 2004.
|
Filed Sept. 20, 2004.

**Synopsis**
**Background:** Landlord moved to dismiss Chapter 11 petition filed by its commercial tenant, in admitted attempt to cap landlord's damages claim under long-term lease, for debtor's lack of "good faith" in filing it. The United States Bankruptcy Court for the District of Delaware denied motion and confirmed debtor's plan, and landlord appealed. The District Court, Kent A. Jordan, J., 2004 WL 1136547, affirmed.

**[Holding:]** On further appeal, the Court of Appeals, Smith, Circuit Judge, held that Chapter 11 petition filed by financially healthy debtor, which had already ceased doing business and had no intention of reorganizing or liquidating as going concern and no reasonable expectation that Chapter 11 proceedings will maximize value of its estate for creditors, solely to take advantage of provision of the Bankruptcy Code that capped its landlord's damages claim, was not filed in "good faith," and should have been dismissed on that basis.

Reversed and remanded.

**Procedural Posture(s):** On Appeal.

West Headnotes (20)

[1] **Bankruptcy** "Good faith."
**Bankruptcy** Realistic possibility of reorganization
Chapter 11 petition filed by financially healthy debtor, which had already ceased doing business and had no intention of reorganizing or liquidating as going concern and no reasonable

384 F.3d 108
United States Court of Appeals,
Third Circuit.
In re: INTEGRATED TELECOM EXPRESS, INC.

[2] **Bankruptcy** Scope of review in general
Though Court of Appeals' jurisdiction, on appeal from district court's affirmance of bankruptcy court decision, is over decision of district court, its review of district court's decision effectively amounts to review of bankruptcy court's opinion in first instance.
4 Cases that cite this headnote

[3] **Bankruptcy** "Good faith."
**Bankruptcy** Proceedings
Chapter 11 petition may be dismissed unless it is filed in good faith, and burden is on bankruptcy petitioner to establish that its petition has been filed in good faith. Bankr.Code, 11 U.S.C.A. § 1112(b).
44 Cases that cite this headnote

[4] **Bankruptcy** Good Faith; Motive
Determination as to whether Chapter 11 case should be dismissed for debtor's lack of good faith requires a fact-intensive inquiry, in which court must examine totality of facts and

WESTLAW © 2022 Thomson Reuters. No claim to original U.S. Government Works. 1

*In re Integrated Telecom Express, Inc.*, 384 F.3d 108 (2004)

corroborated by the record. First, according to schedules filed with the Bankruptcy Court, Integrated had $105.4 million in cash and $1.5 million in other assets at the time that it filed for bankruptcy, and yet the Landlord's proof of claim lists the present discounted value of Integrated's lease obligations at approximately $26 million. Integrated's schedules also list miscellaneous liabilities of approximately $430,000. Thus Integrated was highly solvent and cash rich at the time of the bankruptcy filing. Even if the IPO class action claim, which was capped at $25 million with Integrated's liability limited to a $5 million reserve (the balance to be paid by insurance) was listed at its full alleged value, Integrated was still solvent at the time of filing. Second, in a smoking gun

*Integrated Telecom*, 384 F.3d at 112

Case 23-11309-MFW Doc 224-8 Filed 09/21/23 Page 33 of 35

# The *Primestone* Factors

50. Left with nothing else, AIGFP resorts to a wooden application of the *Primestone* factors. *See* Objection ¶¶ 73–105.[76] But AIGFP's mechanical application of the factors ignores that "no single factor is determinative" and even on a factor by factor analysis AIGFP comes up woefully short. *See* Motion ¶¶ 75–78; *In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. at 299 (citing *In re Primestone Inv. Partners, L.P.*, 272 B.R. 554, 557 (D.Del.2002).[77]

Reply p. 32

[76] The Court need not address *Primestone* to conclude that AIGFP acted in bad faith, nor are the *Primestone* factors intended to displace the broader "totality of the circumstances" good faith inquiry. *See generally* LTL Decision, 58 F.4th 738 (3d Cir. 2023) (dismissal without discussion of *Primestone* factors); *Integrated Telecom* (same). The *Primestone* court relied on *SGL* to develop its list of factors. *See In re Primestone Inv. Partners L.P.*, 272 B.R. 554, 557 (D. Del. 2002) (citing *In re SGL Carbon*, 200 F.3d at 165). The portion of *SGL* to which the *Primestone* court cites, however, emphasizes that the touchstone of the good faith inquiry is whether a "valid reorganizational purpose" exists. *See In re SGL Carbon Corp.*, 200 F.3d 154, 165–66 (3d Cir. 1999).

Reply p. 32 fn. 76

Case 22-11309-MFW Doc 227-1 Filed 06/21/23 Page 34 of 35

## Concluding Remarks

- The reply is full of meritless accusations regarding alleged insider dealings, fraudulent transfers, improper cash offsets, and how the Special Committee is not so special in their view.
- But what form of relief do they seek? Only dismissal.
- Dismissal of this bankruptcy case guarantees that those transfers cannot be challenged and that the Special Committee retains control of AIG FP. That seems to be the exact opposite of what they should want to happen.
- If the Former Executives believe that those transfers are improper, the Parent Loan is disguised equity, and the Special Committee should be removed, then this Chapter 11 Case provides them the perfect (and only) forum to raise and argue those issues.

## Concluding Remarks *(cont.)*

- Good faith does not require that bankruptcy be the only possible option for resolving a company's financial distress, with all other options impossible under all circumstances.
- "Good faith" would be academic if no option existed at all other than filing for bankruptcy.
- By definition, a "good faith" choice must mean that other, reasonable choices existed as well, but only one path can be chosen among the alter.
- And here, the Debtor's good faith is clear because of its financial distress and insolvency, and the extensive, independent process conducted by the Special Committee for nearly a year prior to the petition date.

# A-4603 - A-4771

# (FILED UNDER SEAL)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRIS TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF | Adv. Pro. No. 23-50110 (MFW) |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

Defendants.

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING JOINT STIPULATION AS TO THE TIMING OF THE RESPONSE TO THE COMPLAINT FILED IN THE ADVERSARY PROCEEDING**

The undersigned hereby certifies as follows:

1. AIG Financial Products Corp. ("**AIG FP**" or the "**Debtor**"), the debtor and debtor in possession in the above captioned case and the Employee Plaintiffs[2] (and together with the Debtor, the "**Parties**") have entered into a stipulation (the "**Stipulation**") regarding the timing of the Employee Plaintiffs' response to the *Complaint for Declaratory Relief* [D.I. 134] (the "**Adversary Complaint**") filed in the adversary proceeding commenced by the Debtor on February 7, 2023 and captioned *AIG Financial Products Corp. v. Arthurs, et al.*, Adv. Pro. No. 23-50110-MFW (D. Del.) (the "**Adversary Proceeding**"). The Parties have agreed that the deadline for the Employee Plaintiffs to respond to the Adversary Complaint shall be June 7, 2023.

2. A proposed form of order approving the stipulation is attached hereto as Exhibit A (the "**Proposed Order**"). A copy of the stipulation is attached as Exhibit 1 to the Proposed Order.

**WHEREFORE**, the Employee Plaintiffs respectfully request that the Court enter the Proposed Order at its earliest convenience.

[2] The Employee Plaintiffs are Lee Arthurs; David Ackert; Mitchell Bell; Erik Bengtson; Paul Bradshaw; Thomas Buttke; John Cappetta; David Chang; Robert Chang; Jason DeSantis; Richard Fabbro; Kenneth Farrar; Jonathan Fraade; Carl Giesler Jr.; James Haas; Charles Hsieh; Thomas Kalb; Thomas Kushner; Robert Leary; Jonathan Liebergall; Nathaniel Litwak; Brendan Lynch; Alfred Medioli; Matthew Mihaly; Joann Palazzo; Eugene Park; Andrew Partner; Carl Peterson; Steven Pike; Thomas Plagemann; Robert Powell; Daniel Raab; Ann Reed; Paul Schreiner; Dmitry Satanovsky; Mary Heather Singer; Keith Stein; Frank Strohm; Timothy Sullivan Jr.; Chris Toft; Joe Tom; Ryan Vetter; Steven Wagar; Thomas Ward; Martin Wayne; and James Wolf, the plaintiffs in the suit pending in the Connecticut Superior Court captioned *Arthurs v. AIG Financial Products Corp.*, Case No. X08-FST-CV-19-6046057-S (Conn. Super. Ct.).

Case 23-50110-MFW Doc 8 Filed 05/19/23 Page 3 of 4

Dated: May 19, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Matthew B. McGuire (No. 3466)
Adam G. Landis (No. 3407)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
mcguire@lrclaw.com
landis@lrclaw.com

-and-

**KOBRE & KIM LLP**

Stephen J. Astringer (No. 6375)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6451
Facsimile: (302) 518-6461
Stephen.Astringer@kobrekim.com

-and-

Steven W. Perlstein (admitted *pro hac vice*)
Daniel J. Saval (admitted *pro hac vice*)
Adam M. Lavine (admitted *pro hac vice*)
George Stamatopoulos (admitted *pro hac vice*)
Martine B. Forneret (admitted *pro hac vice*)
Donna (Dong Ni) Xu (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Telephone: (212) 380-1200
Facsimile: (212) 488-1220
Steven.Perlstein@kobrekim.com
Daniel.Saval@kobrekim.com
Adam.Lavine@kobrekim.com
George.Stamatopoulos@kobrekim.com
Martine.Forneret@kobrekim.com
Donna.Xu@kobrekim.com

-and-

**HURWITZ SAGARIN SLOSSBERG & KNUFF LLC**

David A. Slossberg (admitted *pro hac vice*)
Kristen L. Zaehringer (admitted *pro hac vice*)
147 North Broad Street
Milford, Connecticut 06460
Telephone: (203) 877-8000
Facsimile: (203) 878-9800
DSlossberg@hssklaw.com
KZaehringer@hssklaw.com

*Counsel to the Employee Plaintiffs*

EXHIBIT A

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRIS TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF | Adv. Pro. No. 23-50110 (MFW) |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

Defendants.

**ORDER APPROVING JOINT STIPULATION AS TO THE TIMING OF THE RESPONSE TO THE COMPLAINT FILED IN THE ADVERSARY PROCEEDING**

Upon the certification of counsel (the "**Certification of Counsel**")[2] and the *Joint Stipulation as to the Timing of The Response to the Complaint Filed in the Adversary Proceeding* (the "**Stipulation**") entered into between the Employee Plaintiffs and the Debtor, a copy of which is attached hereto as Exhibit 1; and the Bankruptcy Court having jurisdiction to consider approval of the Stipulation; and it appearing that sufficient notice of the Stipulation has been given; and after due deliberation; and good and sufficient cause appearing therefore; it is hereby

ORDERED that the stipulation is hereby APPROVED; and it is further

ORDERED that this Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Certification of Counsel.

EXHIBIT 1

Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRIS TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF | Adv. Pro. No. 23-50110 (MFW) |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

Defendants.

**JOINT STIPULATION AS TO THE TIMING OF THE RESPONSE TO THE COMPLAINT FILED IN THE ADVERSARY PROCEEDING**

AIG Financial Products Corp. ("**AIG FP**" or the "**Debtor**"), the debtor and debtor in possession in the above captioned case and the Employee Plaintiffs[2] (and together with the Debtor, the "**Parties**") hereby submit this joint stipulation as to the timing of the Employee Plaintiffs' response to the *Complaint for Declaratory Relief* [D.I. 134] (the "**Adversary Complaint**") filed in the adversary proceeding commenced by the Debtor on February 7, 2023 and captioned *AIG Financial Products Corp. v. Arthurs, et al.*, Adv. Pro. No. 23-50110-MFW (D. Del.) (the "**Adversary Proceeding**").

**WHEREAS**, the Debtor filed the Adversary Complaint on February 7, 2023;

**WHEREAS**, the Parties met and conferred and exchanged correspondence on February 27, February 28, and May 15, 2023 to reach an agreement as to the deadline for the Employee Plaintiffs to respond to the Adversary Complaint;

**WHEREAS,** counsel for the Employee Plaintiffs agreed to accept service of process of the Adversary Complaint and Summons;

[2] The Employee Plaintiffs are Lee Arthurs; David Ackert; Mitchell Bell; Erik Bengtson; Paul Bradshaw; Thomas Buttke; John Cappetta; David Chang; Robert Chang; Jason DeSantis; Richard Fabbro; Kenneth Farrar; Jonathan Fraade; Carl Giesler Jr.; James Haas; Charles Hsieh; Thomas Kalb; Thomas Kushner; Robert Leary; Jonathan Liebergall; Nathaniel Litwak; Brendan Lynch; Alfred Medioli; Matthew Mihaly; Joann Palazzo; Eugene Park; Andrew Partner; Carl Peterson; Steven Pike; Thomas Plagemann; Robert Powell; Daniel Raab; Ann Reed; Paul Schreiner; Dmitry Satanovsky; Mary Heather Singer; Keith Stein; Frank Strohm; Timothy Sullivan Jr.; Chris Toft; Joe Tom; Ryan Vetter; Steven Wagar; Thomas Ward; Martin Wayne; and James Wolf, the plaintiffs in the suit pending in the Connecticut Superior Court captioned *Arthurs v. AIG Financial Products Corp.*, Case No. X08-FST-CV-19-6046057-S (Conn. Super. Ct.).

**ACCORDINGLY, IT IS STIPULATED AND AGREED** by and among the Parties that the deadline for the Employee Plaintiffs to respond to the Adversary Complaint shall be on or before June 7, 2023.

Dated: May 19, 2023
Wilmington, Delaware

*/s/ Matthew B. McGuire*
**LANDIS RATH & COBB LLP**
Matthew B. McGuire (No. 3466)
Adam G. Landis (No. 3407)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
mcguire@lrclaw.com
landis@lrclaw.com

-and-

**KOBRE & KIM LLP**
Stephen J. Astringer (No. 6375)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6451
Facsimile: (302) 518-6461
Stephen.Astringer@kobrekim.com

-and-

Steven W. Perlstein (admitted *pro hac vice*)
Daniel J. Saval (admitted *pro hac vice*)
Adam M. Lavine (admitted *pro hac vice*)
George Stamatopoulos (admitted *pro hac vice*)
Martine B. Forneret (admitted *pro hac vice*)
Donna (Dong Ni) Xu (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Telephone: (212) 380-1200
Facsimile: (212) 488-1220
Steven.Perlstein@kobrekim.com
Daniel.Saval@kobrekim.com
Adam.Lavine@kobrekim.com

*/s/ Kara Hammond Coyle*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
sreil@ycst.com

-and-

**LATHAM & WATKINS LLP**
George A. Davis (admitted *pro hac vice*)
Keith A. Simon (admitted *pro hac vice*)
David Hammerman (admitted *pro hac vice*)
Annemarie V. Reilly (admitted *pro hac vice)*
Madeleine C. Parish (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
george.davis@lw.com
keith.simon@lw.com
david.hammerman@lw.com
annemarie.reilly@lw.com
madeleine.parish@lw.com

*Counsel to the Debtor and Debtor in Possession*

George.Stamatopoulos@kobrekim.com
Martine.Forneret@kobrekim.com
Donna.Xu@kobrekim.com

-and-

**HURWITZ SAGARIN SLOSSBERG & KNUFF LLC**

David A. Slossberg (admitted *pro hac vice*)
Kristen L. Zaehringer (admitted *pro hac vice*)
147 North Broad Street
Milford, Connecticut 06460
Telephone: (203) 877-8000
Facsimile: (203) 878-9800
DSlossberg@hssklaw.com
KZaehringer@hssklaw.com

*Counsel to the Employee Plaintiffs*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRISTIAN TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF.<br><br>Defendants. | Adv. Proc. No. 23-50110 (MFW) |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

**CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING STIPULATION PERMITTING AMERICAN INTERNATIONAL GROUP, INC. TO INTERVENE IN ADVERSARY PROCEEDING**

The undersigned hereby certifies as follows:

1. On February 17, 2023, AIG Financial Products Corp. (the "**Plaintiff**") filed the *Complaint for Declaratory Relief* [Adv. D.I. 1 & 2] against the above-captioned defendants (the "**Defendants**") initiating the above-captioned adversary proceeding (the "**Adversary Proceeding**").

2. Subsequent to the Plaintiff commencing the Adversary Proceeding, American International Group, Inc. ("**AIG**" and collectively with the Plaintiff and the Defendants, the "**Parties**") initiated discussions with the Plaintiff and the Defendants regarding AIG's participation in the Adversary Proceeding as a party. AIG informed the Plaintiff and the Defendants that it intended to move to intervene in the Adversary Proceeding.

3. The Parties have engaged in discussions regarding AIG's intervention in the Adversary Proceeding and, in the interest of efficiency and judicial economy, have agreed to permit AIG to intervene in the Adversary Proceeding without the need to file a formal motion to intervene in accordance with the terms set forth in the *Stipulation Permitting American International Group, Inc. to Intervene in Adversary Proceeding* (the "**Stipulation**"), a copy of which is attached as **Exhibit 1** to the proposed form of order (the "**Proposed Order**") attached hereto as **Exhibit A**.

WHEREFORE, AIG respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, at its earliest convenience.

Dated: May 22, 2023
Wilmington, Delaware

*/s/ Zachary I. Shapiro*

RICHARDS, LAYTON & FINGER, P.A.
Robert J. Stearn, Esq. (No. 2915)
Zachary I. Shapiro (No. 5103)
Cory D. Kandestin (No. 5025)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: stearn@rlf.com
shapiro@rlf.com
kandestin@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Jonathan D. Polkes
Jeffrey D. Saferstein
Stacy Nettleton
Garrett A. Fail
Zachary D. Tripp
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for American International Group, Inc.*

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRISTIAN TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF.<br><br>Defendants. | Adv. Proc. No. 23-50110 (MFW) |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

**ORDER APPROVING STIPULATION PERMITTING AMERICAN INTERNATIONAL GROUP, INC. TO INTERVENE IN ADVERSARY PROCEEDING**

Upon consideration of the *Stipulation Permitting American International Group, Inc. to Intervene in Adversary Proceeding* (the "**Stipulation**"),[2] a copy of which is attached hereto as **Exhibit 1**; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is hereby approved.

2. The Stipulation shall become effective immediately upon entry of this Order.

3. American International Group, Inc. will intervene in the Adversary Proceeding with full participation rights as a party.

4. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Stipulation.

# EXHIBIT 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRISTIAN TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF.<br><br>Defendants. | Adv. Proc. No. 23-50110 (MFW) |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

Case 23-50110-MFW Doc 6-1 Filed 05/22/23 Page 3 of 9

**STIPULATION PERMITTING AMERICAN INTERNATIONAL GROUP, INC. TO INTERVENE IN ADVERSARY PROCEEDING**

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding (the "**Adversary Proceeding**"), American International Group, Inc. ("**AIG**"), AIG Financial Products Corp. (the "**Plaintiff**"), and the above-captioned defendants (the "**Defendants**," and collectively with AIG and the Plaintiff, the "**Parties**") enter into this stipulation (this "**Stipulation**") and agree as follows:

**WHEREAS**, on February 17, 2023, the Plaintiff filed the *Complaint for Declaratory Relief* [Adv. D.I. 1 & 2] (the "**Complaint**") against the Defendants initiating the Adversary Proceeding;

**WHEREAS**, AIG is a party-in-interest in the bankruptcy case and has an interest in the subject matter of the Adversary Proceeding that may be affected by its disposition;

**WHEREAS**, AIG intends to move to intervene in the Adversary Proceeding; and

**WHEREAS**, the Parties have conferred and, in the interest of efficiency and judicial economy, have agreed to permit AIG to intervene in the Adversary Proceeding without the need to file a formal motion to intervene.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their undersigned counsel, as follows:

1. AIG will intervene in the Adversary Proceeding with full participation rights as a party.

2. Each Party represents and warrants that the signatory to this Stipulation on behalf of such Party has the full power and authority to enter into this Stipulation on behalf of such Party and to bind such Party to the terms of this Stipulation.

3. This Stipulation may be signed in multiple counterparts, and when each Party or its authorized representative has signed a counterpart hereof, each such counterpart shall be a binding

Case 23-10110-MFW Doc 6-1 Filed 05/21/23 Page 7 of 9

and enforceable agreement as an original. In addition, this Stipulation may be executed by facsimile or electronic signatures, and such facsimile or electronic signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail.

*[Remainder of Page Intentionally Left Blank; Signature Page Follows]*

Dated: May 22, 2023

/s/ *Zachary I. Shapiro*
**RICHARDS, LAYTON & FINGER, P.A.**
Robert J. Stearn, Jr. (No. 2915)
Zachary I. Shapiro (No. 5103)
Cory D. Kandestin (No. 5025)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
stearn@rlf.com
shapiro@rlf.com
kandestin@rlf.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Jonathan D. Polkes
Jeffrey D. Saferstein
Stacy Nettleton
Garrett A. Fail
Zachary D. Tripp
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for American International Group, Inc.*

Dated: May 22, 2023

/s/ *Kara Hammond Coyle*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Emails: mnestor@ycst.com
kcoyle@ycst.com
sreil@ycst.com
clyons@ycst.com

-and-

George A. Davis (admitted *pro hac vice*)
Keith A. Simon (admitted *pro hac vice*)
David Hammerman (admitted *pro hac vice*)
Annemarie V. Reilly (admitted *pro hac vice*)
Madeleine C. Parish (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Co-Counsel for Debtor and Debtor in Possession*

Dated: May 22, 2023

*/s/ Matthew B. McGuire*
**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 3466)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
landis@lrclaw.com
mcguire@lrclaw.com

-and-

**KOBRE & KIM LLP**
Stephen J. Astringer (No. 6375)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6451
Facsimile: (302) 518-6461
Stephen.Astringer@kobrekim.com

-and-

Steven W. Perlstein (admitted *pro hac vice*)
Daniel J. Saval (admitted *pro hac vice*)
Adam M. Lavine (admitted *pro hac vice*)
George Stamatopoulos (admitted *pro hac vice*)
Martine B. Forneret (admitted *pro hac vice*)
800 Third Avenue
New York, New York 10022
Telephone: (212) 380-2580
Facsimile: (212) 488-1220

-and-

**HURWITZ SAGARIN SLOSSBERG & KNUFF LLC**
David A. Slossberg (admitted *pro hac vice*)
Kristen L. Zaehringer (admitted *pro hac vice*)
147 North Broad Street
Milford, Connecticut 06460
Telephone: (203) 877-8000
Facsimile: (203) 878-9800

*Counsel to the Defendants*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRIS TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF | Adv. Pro. No. 23-50110 (MFW) |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

Defendants.

**ORDER APPROVING JOINT STIPULATION AS TO THE TIMING OF THE RESPONSE TO THE COMPLAINT FILED IN THE ADVERSARY PROCEEDING**

Upon the certification of counsel (the "**Certification of Counsel**")[2] and the *Joint Stipulation as to the Timing of The Response to the Complaint Filed in the Adversary Proceeding* (the "**Stipulation**") entered into between the Employee Plaintiffs and the Debtor, a copy of which is attached hereto as Exhibit 1; and the Bankruptcy Court having jurisdiction to consider approval of the Stipulation; and it appearing that sufficient notice of the Stipulation has been given; and after due deliberation; and good and sufficient cause appearing therefore; it is hereby

ORDERED that the stipulation is hereby APPROVED; and it is further

ORDERED that this Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: May 23rd, 2023**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Certification of Counsel.

Case 23-50110-MFW Doc 8 Filed 05/23/23 Page 1 of 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AIG FINANCIAL PRODUCTS CORP.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-11309 (MFW) |
| AIG FINANCIAL PRODUCTS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LEE ARTHURS; DAVID ACKERT; MITCHELL BELL; ERIK BENGTSON; PAUL BRADSHAW; THOMAS BUTTKE; JOHN CAPPETTA; DAVID CHANG; ROBERT CHANG; JASON DESANTIS; RICHARD FABBRO; KENNETH FARRAR; JONATHAN FRAADE; CARL GIESLER JR.; JAMES HAAS; CHARLES HSIEH; THOMAS KALB; THOMAS KUSHNER; ROBERT LEARY; JONATHAN LIEBERGALL; NATHANIEL LITWAK; BRENDAN LYNCH; ALFRED MEDIOLI; MATTHEW MIHALY; JOANN PALAZZO; EUGENE PARK; ANDREW PARTNER; CARL PETERSON; STEVEN PIKE; THOMAS PLAGEMANN; ROBERT POWELL; DANIEL RAAB; ANN REED; PAUL SCHREINER; DMITRY SATANOVSKY; MARY HEATHER SINGER; KEITH STEIN; FRANK STROHM; TIMOTHY SULLIVAN JR.; CHRISTIAN TOFT; JOE TOM; RYAN VETTER; STEVEN WAGAR; THOMAS WARD; MARTIN WAYNE; JAMES WOLF.<br><br>Defendants. | Adv. Proc. No. 23-50110 (MFW)<br><br>Re: Adv. D.I. 6 |

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: AIG Financial Products Corp. (9410). The Debtor's address is 50 Danbury Road, Wilton, Connecticut 06897.

**ORDER APPROVING STIPULATION PERMITTING AMERICAN INTERNATIONAL GROUP, INC. TO INTERVENE IN ADVERSARY PROCEEDING**

Upon consideration of the *Stipulation Permitting American International Group, Inc. to Intervene in Adversary Proceeding* (the "**Stipulation**"),[2] a copy of which is attached hereto as **Exhibit 1**; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is hereby approved.

2. The Stipulation shall become effective immediately upon entry of this Order.

3. American International Group, Inc. will intervene in the Adversary Proceeding with full participation rights as a party.

4. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

**Dated: May 23rd, 2023**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

[2] Capitalized terms used but not defined in this Order have the meanings used in the Stipulation.



RLF1 29052700v.1